| | | |
|---|---|---|
| **IN THE MATTER OF THE COMPLAINT** | * | **CIVIL ACTION** |
| **OF RODI MARINE, LLC, AS** | * | |
| **OWNER AND OPERATOR** | * | **NO. 17-5394** |
| **OF THE M/V WILDCAT** | * | |
| **PETITIONING FOR EXONERATION** | * | **SECTION: E(5)** |
| **FROM OR LIMITATION OF LIABILITY** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**ANSWER AND CLAIM IN RESPONSE TO THE COMPLAINT FOR**
**EXONERATION FROM OR LIMITATION OF LIABILITY**</u>

Antonio Smith, a person of the legal age of majority domiciled in the State of Mississippi, ("Claimant") files this Answer and Claim in response to the Complaint for Exoneration From or Limitation of Liability filed by Rodi Marine, LLC, (Petitioner) and would respectfully show the Court that:

**I. <u>CLAIM OF DAMAGES</u>**

1.  On or about April 18, 2017, Claimant suffered severe bodily injuries while in the course and scope of his employment with Fleetwood Energy LLC as he was being transported aboard the M/V WILDCAT, a vessel in navigation. Petitioner, Rodi Marine, LLC, has filed this proceeding claiming to have been the owner and operator of the M/V WILDCAT at the time of the occurrence.

2.  Due to the negligence, carelessness and fault of Petitioner as asserted owner and/or operator of the M/V WILDCAT, the unseaworthiness of the vessel, and the failure to adequately train and supervise their crew, all of which was in the privity and knowledge of Petitioner, claimant sustained severe and disabling bodily injuries resulting in physical impairment, pain and suffering, and disfigurement.

3.  Nothing that Claimant did or failed to do caused or in any way contributed to cause his injuries.

4. Claimant is entitled to maintain an action against Petitoner and bring this claim for the following damages arising out of the above-described injuries to claimant:

   a. Claim is made for compensation for the physical, mental, and emotional pain, suffering and impairment that has been and will be sustained by claimant as a result of the above injuries.

   b. Claim is made for the loss of earnings and wage earning capacity sustained by claimant as a result of the injuries.

   c. Claim is made for the past and future medical expenses that have been and in reasonable probability will be incurred by claimant as a result of his injuries.

   d. Claim is made for costs of court, and pre- and post-judgment interest to which claimant is entitled under the law.

5. This claim is being made under protest and without prejudice to Claimant's position that this limitation is improper and should be dismissed.

6. The damages sustained by Claimant are unliquidated at this time but will clearly exceed One Million Dollars ($1,000,000.00).

Wherefore, Claimant demands judgment against Petitioner for an amount in excess of One Million Dollars ($1,000,000.00), in addition to interest and costs.

## II. GENERAL DEFENSES AND ANSWER TO COMPLAINT OF RODI MARINE, LLC

COMES NOW Claimant and answers the complaint of Rodi Marine, LLC which seeks exoneration from or limitation of liability:

7. In answering Rodi Marine LLC's complaint for exoneration from or limitation of liability, Claimant would show that Rodi Marine, LLC is not entitled to exoneration from liability. The injuries of Claimant were proximately caused by the negligence, carelessness and fault of Petitioner in failing to provide safe transportation, and a seaworthy vessel, by failing to adequately train and supervise the crew of the M/V

WILDCAT and by failing to provide adequate and proper equipment aboard the vessel.

8.     In further answer, Claimant would show that Petitioner is not entitled to limitation of liability for the reason that said acts of negligence and conditions of unseaworthiness which caused the injury sustained by Claimant were within the privity and knowledge of Petitioner.

9.     Without waiving his claim that Rodi Marine, LLC is not entitled to an exoneration from or limitation of liability, Claimant reserves his right to demand a trial by jury in the forum of his choice, as provided by the Constitutions and laws of the United States of America, and the States of Mississippi and Louisiana.

10.    Without waiving his claim that Rodi Marine, LLC is not entitled to an exoneration from or limitation of liability, Claimant contends, under Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims under the Federal Rules of Civil Procedure, that Rodi Marine, LLC has posted insufficient security. Claimant demands that Rodi Marine LLC be required to post bond for the full amount of security or deposit the full amount of security in the Court's registry.

Claimant further demands that the amount of security referred to in Rodi Marine LLC Ad Interim Stipulations be increased on the grounds that it is less than Rodi Marine LLC's interest in the vessels (including the vessels in the flotilla, the contract(s) under which they were working, and the pending freight) or on the grounds that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury. 46 U.S.C. § 183(b)-(f).

### III. <u>GENERAL DENIAL OF ALLEGATIONS OF RODI MARINE LLC</u>

AND NOW Claimant answers the Complaint of Rodi Marine LLC, which seek exoneration from or limitation of liability:

11.    Claimant generally denies each and every allegation set forth in Rodi Marine LLC's original Complaint seeking exoneration from or limitation of liability, and demands strict proof thereof.

### IV. <u>SPECIFIC DENIAL OF ALLEGATIONS MADE BY RODI MARINE, LLC</u>

AND NOW Claimant specifically answers the Complaint of Rodi Marine LLC, which seeks exoneration from or limitation of liability:

12.    The allegations contained in Paragraph 1 of the Complaint for Exoneration From or Limitation of Liability concerning the status of Rodi Marine, LLC and its ownership interest in the M/V WILDCAT are denied for a lack of sufficient information to justify a reasonable belief therein.

13.    The allegations contained in Paragraph 2 of the Complaint for Exoneration From or Limitation of Liability are denied for a lack of sufficient information to justify a reasonable belief therein.

14.    The allegations contained in Paragraph 3 of the Complaint for Exoneration From or Limitation of Liability are specifically denied.

15.    The allegations contained in Paragraph 4 of the Complaint for Exoneration From or Limitation of Liability are admitted insofar as to acknowledge that on or about April 18, 2017 the M/V WILDCAT did allide with a fixed platform located in the Gulf of Mexico. The remaining allegations of Paragraph 4 are denied.

16.    The Allegations contained in Paragraph 5 of the Complaint for Exoneration From or Limitation of Liability are denied for lack of sufficient information to justify a belief therein.

17. The allegations contained in Paragraph 6 of the Complaint for Exoneration From or Limitation of Liability are denied.

18. The allegations contained in Paragraph 7 of the Complaint for Exoneration From or Limitation of Liability are denied.

19. The allegations contained in Paragraph 8 of the Complaint for Exoneration From or Limitation of Liability are denied.

20. The allegations contained in Paragraph 9 of the Complaint for Exoneration From or Limitation of Liability are denied.

21. The allegations contained in Paragraph 10 of the Complaint for Exoneration From or Limitation of Liability are denied.

22. The allegations contained in Paragraph 11 of the Complaint for Exoneration From or Limitation of Liability are admitted insofar as to acknowledge certain Letters of Undertaking have been filed in this cause of action. The remaining allegations and prayer of the Petitioner are denied.

## V. SPECIFIC DEFENSES

### A. *First Defense*

23. The allegations of the Complaint fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6).

### B. *Second Defense*

24. The Limitation of Liability Act, 46 U.S.C. § 30501 et seq., is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

**C.** *Third Defense*

25.     Claimant asserts the flotilla doctrine. The limitation fund is inadequate and
the Complaint should be dismissed because Petitioner has failed to deposit adequate
security for the Vessel and for additional vessels within the flotilla, which were under
a common operational control, supervision, and enterprise.

**D. *Fourth Defense***

26.     T he limitation fund is inadequate and the Complaint should be dismissed
because Petitioner has failed to deposit adequate security for the vessel identified in
the Complaint for Exoneration From or Limitation of Liability and for the additional
vessels   within the flotilla which were under common operational control,
supervision and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for
Certain Admiralty and Maritime Claims, the proper limitation fund must be
deposited at the time of filing. Petitioner's deposit, at the time of filing, did not meet
federal standards. As such, this limitation action must be dismissed.

**E.** *Fifth Defense*

27.     The limitation fund is inadequate and the Complaint should be dismissed  because
Petitioner has failed to accurately identify all of the vessels in the flotilla
which should be included in the limitation fund.

**F. *Sixth Defense***

28.     The Limitation of Liability Act is not applicable to the instant case because at
all times pertinent herein the subject vessel and/or other vessels contained within the
flotilla were operated in a willful, wanton, and reckless manner or, in the alternative,
the conduct and actions which led to Claimant's injuries took place with the privity
and knowledge of the owners, managing owners, owners pro hac vice, and/or
operators of the vessels involved.

**G. *Seventh Defense***

29. The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the subject vessel and/or the other vessels contained within the flotilla were known by the owner and/or owner pro hac vice to be unseaworthy.

**H**. *Eight Defense*

30. To the extent Petitioner's insurers attempt to avail themselves of the limitation/exoneration defense, Claimant assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no prima facie case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**I**. *Ninth Defense*

31. The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

**J. *Tenth Defense***

32. The events culminating in the injuries of Claimant were the result of the negligence, fault and want of due care on the part of Petitioner and/or those for whom Petitioner is responsible, in that the master and members of the crew were incompetent, inadequately trained and inadequately supervised; the vessel was unseaworthy and lacking in proper equipment  as were the other  vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioner, for which the Complaint for Exoneration From of Limitation of Liability should be denied.

**K.** *Eleventh Defense*

33.     The events culminating in the injuries of Claimant were not the result of any

negligence, fault, or want of due care on his part or of his employer.

**L.** *Twelfth Defense*

34.     Claimant further allege that there was insurance coverage on the respective

vessel(s) insuring Petitioner in the event of an occurrence such as that which is the

subject of Claimant's claims, and the proceeds of said insurance policy should be

included in this limitation proceeding (in the event the Court determines these

limitation proceedings are appropriate).

**M.** *Thirteenth Defense*

35.     Claimant states that the proceeds of any judgment, award, or settlement

which may be received by Petitioner from any third party in recompense of any losses

or damages sustained herein to the property or interests of Petitioner, as a result of

the allision must be included in the limitation fund.

**N.** *Fourteenth Defense*

36.     In filing this Answer and Claim, Claimant specifically reserve all rights to

pursue all available claims in state court for resolution of any and all issues beyond

the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to

Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Claim

and Answer is in no way a waiver of this right and defense and Claimant are not

agreeing to join all issues in this proceeding by filing this Claim and Answer.

**O.** *Fifteenth Defense*

37.     Claimant specifically reserves all rights to pursue all available claims in the

forum of his choice for resolution of any and all issues beyond the exclusive

jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28

U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of

this defense or these rights. Claimant will move the Court to lift the injunction and stay of proceedings in other forums. See *In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co.* (Vestris), 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioners' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby assert and claims his right to have his claims and damages tried to a jury in the court of his choosing.

**P.** *Sixteenth Defense*

38.    The purpose of a limitation action is to provide a single forum for determining whether the vessels and its owners are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the Claimants. See 46 U.S.C. § 30501, et seq.; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

**Q.** *Seventeenth Defense*

39.    Claimant reserves the right to contest the appraisal value of the respective vessel and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**R.** *Eighteenth Defense*

40.    The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of any minerals, equipment, appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioner.

**T.** *Twentieth Defense*

41.    Petitioners have not proven they are "vessel owners" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, et seq.

**U.** *Twenty-First Defense*

42.    Petitioner's Complaint is untimely and should be dismissed. 46 U.S.C. § 30511(a).

## VI. <u>JURY DEMAND</u>

Claimant demands a trial by jury. *Luera v. Alberta*, 2011 WL 768849 at *14 (5th Cir. March 7, 2011).

Respectfully submitted,

GARNER & MUNOZ
1010 Common Street, Suite 3000
New Orleans, Louisiana
Telephone:    (504) 581-7070
Facsimile:    (504) 581-7083


s/ John G. Munoz
JOHN G. MUNOZ - #9830

### C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing has been served upon all parties herein by using the CM/ECF system and by depositing same in the United States Mail, properly addressed, and postage prepaid, on this 19th day of June, 2017 to any non-CM/ECF participants.

s/ John G. Munoz

JOHN G. MUNOZ
