UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF RODI MARIN, LLC AS OWNER AND OPERATOR OF THE M/V WILDCAT PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 17-05394<br><br>JUDGE SUSIE MORGAN<br><br>MAGISTRATE MICHAEL B. NORTH |

## CLAIM OF SHAWN PHILBECK

NOW INTO COURT, comes, Shawn Philbeck ("Claimant"), under protest and without prejudice to his objections to this limitation proceeding as set forth in his answer being filed herewith, makes claim against the Petitioner, RODI Marine, LLC, for the following reasons:

I.

The Claimant, Shawn Philbeck, is a resident of the state of Louisiana who sustained injuries on April 18, 2017, while in transport on the vessel, M/V Wildcat, when said vessel allided with a fixed platform located in the South Timbalier Block, Gulf of Mexico off the coast of Louisiana.

II.

The petitioner herein, RODI Marine, LLC, is a domestic limited liability company organized and existing under the laws of the State of Louisiana. The petitioner, possibly with other entities not named in this action, was the owner, operator and charterer of the M/V Wildcat at the time of the casualty made the basis of this suit.

III.

The M/V Wildcat is a self-propelled crew boat designed for the purpose of providing services to the offshore oil and gas industry in the Gulf of Mexico. At the times mentioned herein, the vessel was being operated by RODI Marine, LLC upon the navigable waters of the United States.

1

IV.

At all times material herein, Claimant was a seaman employed by Fieldwood Energy, LLC as part of the plug and abandonment crew #5, and on board the vessel, M/V Wildcat when he sustained injuries on April 18, 2017, as set forth herein.

V.

This claim is made pursuant to the General Maritime Laws of the United States, and 33 U.S.C. 905(b).

VI.

Some time prior to the allision made the basis of this proceeding, or privately 7:00 a.m., the M/V Wildcat departed GI-90A/GI-93C and was on a voyage home and proceeding to port at the end of claimant's normal hitch, wherein claimant was providing P&A services in the Gulf of Mexico off the coast of Louisiana. After boarding the M/V Wildcat, the vessel departed to port. Just after daybreak, around 8:48 a.m., on April 18, 2017, the vessel, at full speed, violently allided with an eight-legged fixed platform located at South Timbalier 23S (ST 23S), throwing Claimant out of his position in the cabin, causing injuries to the Claimant.

VII.

The allision of the M/V Wildcat was due to the unseaworthiness of the vessel, its crew, complement, equipment, and other appurtenances. The casualty also occurred as the result of the negligence of the Petitioner, RODI Marine, LLC, and its employees in that the vessel's crew, complement, and physical features of the vessel, and other appurtenances were not fit for their intended purposes, and in that the Petitioner failed to furnish the Claimant with a safe and seaworthy place in which to be transported. The Petitioner failed to maintain and keep in good repair the gear, equipment, fittings, and other appurtenances of the vessel in a safe and seaworthy condition. The Petitioner lacked a current and adequate survey of the Gulf of Mexico in the vicinity

of the platform ST 23S, which was available to the Petitioner. The management employees of the Petitioner knew or should have known that the crew of the vessel lacked proper information, proper experience, proper licensing, were sleep deprived, and nonetheless instructed, ratified, or allowed, the crew of the vessel to proceed in an unseaworthy manner. The Petitioner, its officers and directors and employees acting within the line and scope of their employment were negligent as set forth above and in other respects as yet unknown to this Claimant. As a result of the negligence of the Petitioner and the unseaworthiness of the vessel as set forth above, the M/V Wildcat began to stray off path for a considerable amount of time and head directly toward the fixed platform, and ultimately causing the vessel to allide into the fixed platform at full speed, causing injuries to this Claimant.

## VIII.

The unseaworthy conditions of the M/V Wildcat existed at or before the commencement of the voyage on which the casualty occurred. The negligence, unseaworthy conditions or other fault contributing to cause this casualty were within the privity and knowledge of the Petitioner.

## IX.

Claimant alleges that the sole and proximate cause of the above described allision was the negligence, carelessness, and fault of RODI Marine, in the following, non-exclusive particulars:

1. Breach of a legally imposed duty of reasonable care owed by RODI Marine, LLC to the Claimant;
2. Failure to provide a reasonably safe transportation and/or place to work;
3. Failure to properly train and supervise the captain and crew of their vessels;
4. Failure to take any means or precautions for the safety of passengers on board RODI Marine's vessels, including Claimant;
5. Creation and maintenance of an unseaworthy vessel;
6. Failure to provide minimum safety requirements;

7. Failure to provide adequate equipment for the job and/or voyage in question;

8. Failure to provide adequate personnel for the job and/or voyage in question;

9. Other acts of negligence and unseaworthiness which will be shown at the trial of this matter.

**X.**

As a direct result of the negligence and unseaworthiness of the vessel, Claimant, Shawn Philbeck, sustained severe, painful and permanent injuries to his body; sustained multiple bruises and abrasions to many parts of his body; the Claimant sustained injuries to his left foot and ankle; the Claimant sustained injuries to his neck and back; the Claimant suffered significant emotional distress as a result of this casualty; the Claimant has suffered and will continue to suffer in the future much physical pain and mental anguish as a result of his injuries; the Claimant has lost time from his work as a result of said injuries, causing a loss of earnings, and his wage earning capacity in the future may be diminished; the Claimant has incurred medical expenses in the treatment of his injuries and will incur medical expenses in the treatment of the injuries in the future; all of which he seeks and is entitled to recover from the Petitioner herein.

**XI.**

Complainant itemizes and prays for the following special and general damages:

(a) physical pain and suffering (past, present and future);

(b) mental and emotional pain and suffering (past, present, and future);

(c) loss of wage earning capacity;

(d) loss of past income;

(e) loss of future income;

(f) physical disability (past and future);

(g) medical expenses (past, present, and future);

(h) loss of fringe benefits (past, present, and future); and,

(i) all other special and general damages as will be shown at the trial of this matter.

The damages sustained by Shawn Philbeck are unliquidated at this time but will exceed the amount sought in limitation by petitioner herein.

## XII.

Complainant's injuries were not due to want of care on their part, nor did he contribute in any way to the injuries they sustained as a result of the allision.

## XIII.

RODI Marine, LLC is liable for the damages suffered herein by the Complainant.

WHEREFORE, Claimant, Shawn Philbeck, prays:

A. The claim for exoneration be dismissed with prejudice;

B. The complaint for limitation of liability be dismissed with prejudice;

C. That there be judgment rendered in favor of Shawn Philbeck and against defendant, RODI Marine, LLC, in the amount of Two Million Dollars with interest from date of loss and until paid and for all costs of these proceedings, and for all general relief as may be equitable.

Respectfully submitted:

**CARLETON LORASO HEBERT & WITTENBRINK, LLC**

s/ Victor R. Loraso III
VICTOR R. LORASO III, TA (#31239)
MARTIN S. BOHMAN (#22005)
445 North Blvd., Ste. 625
Baton Rouge, Louisiana 70802
Telephone: (225) 282-0602
Facsimile: (877) 443-9889

*Attorneys for Claimant Shawn Philbeck*

5

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all parties herein by using the CM/ECF system and by depositing same in the United States Mail, properly addressed, and postage prepaid, on this 29th day of August, 2017 to any non-CM/ECF participants.

                        s/ Victor R. Loraso III
                        VICTOR R. LORASO III