UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | CIVIL ACTION NO. 2:17-CV-5394 |
| COMPLAINT OF RODI MARINE, LLC, | § | |
| AS OWNER AND OPERATOR OF THE | § | JUDGE MORGAN |
| M/V WILDCAT, PETITIONING FOR | § | |
| EXONERATION FROM OR | § | MAGISTRATE JUDGE NORTH |
| LIMITATION OF LIABILITY | § | |

**VERIFIED CLAIM OF FIELDWOOD ENERGY LLC**

NOW COMES, defendant/claimant, Fieldwood Energy LLC ("Fieldwood"), and files herewith its Verified Claim, pursuant to Rule F(5) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, against plaintiff-in-limitation, Rodi Marine, LLC ("Rodi Marine"), on information and belief, as follows:

**PARTIES**

I.

Claimant, Fieldwood, is a foreign company, with its principal place of business in the State of Texas.

II.

Made defendant herein is Rodi, a company organized under the laws of the State of Louisiana, and which maintains its principal place of business in Lafayette, Louisiana. Rodi is authorized to do and actually conducts its business within the geographical boundaries of this judicial district. At all times relevant herein, Rodi was the operator of the M/V WILDCAT (hereafter the "WILDCAT").

1

## JURISDICTION

III.

This Claim arises out of the April 18, 2017, allision by the WILCAT with Platform A, Block 23, South Timbalier Area, hereafter "the Allision."  Accordingly, this Court has subject matter jurisdiction over this Claim by virtue of its admiralty and maritime jurisdiction, 28 U.S.C. § 1333(1).  Alternatively, this Court has subject matter jurisdiction over this Claim by virtue of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq*. and further under its federal question jurisdiction, 28 U.S.C. § 1331.

## VENUE

IV.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

V.

Rodi has filed a Complaint in this civil action praying for exoneration from or limitation of its liability arising out of the Allision (hereafter "the Limitation Proceeding").  Fieldwood has filed an answer and urged certain affirmative defenses in its separately filed Answer and Affirmative Defenses to Complaint filed by Rodi.

VI.

On information and belief, ST 23-A was marked on all applicable navigation charts.  The Allision was not caused by any negligence or fault of Fieldwood.

VII.

The Allision was legally and proximately caused by the negligence, gross negligence and fault of plaintiff-in-limitation, Rodi, as well as the unseaworthiness of the WILDCAT and her crew, as follows.

## FIRST CAUSE OF ACTION FOR
## NEGLIGENCE AND STATUTORY VIOLATIONS

VIII.

The Allision was legally and proximately caused by the fault, neglect and gross negligence of Rodi, as follows:

(A)   The master and crew of the WILDCAT were not reasonably fit to operate the WILDCAT;

(B)   Violating Rule 5 of the Convention on the International Regulations for Preventing Collisions at Sea (hereafter identified as "the Colregs") (failure to maintain a proper look-out);

(C)   Violating Rule 6 of the Colregs (failure to maintain a safe speed);

(D)   Violating Rule 7 of the Colregs (failure to timely determine if a risk of allision existed);

(E)   Violating Rule 8 of the Colregs (failure to take prompt and proper action to avoid the Allision);

(F)   The violation of any other applicable statute, rule or regulation that will be proven at the trial of this matter;

(G)   Failure to have the licensed master or licensed mate at the wheel at all times while the vessel was underway;

(H)     Failure to ensure that the wheelman at the wheel was awake at all times while the vessel was underway;

(I)     Operating the vessel on autopilot, while the licensed master or licensed mate was not at the wheel, and while the wheelman at the wheel was asleep at all times while the vessel was underway;

(J)     Failing to operate the WILDCAT in a proper and safe manner; and

(K)     All other acts of negligence, gross negligence or fault that will be proven at the trial of this matter.

Fieldwood reserves the right to amend this paragraph as discovery proceeds.

## SECOND CAUSE OF ACTION
## FOR UNSEAWORTHINESS

IX.

The Allision was legally caused by the unseaworthy conditions of the WILCAT and the breaches of the warranty of seaworthiness by Rodi, as follows:

(A)     Failure to provide a competent master and crew;

(B)     Failure to have the licensed master or licensed mate at the wheel at all times while the vessel was underway;

(C)     Failure to ensure that the wheelman at the wheel was awake at all times while the vessel was underway;

(D)     Operating the vessel on autopilot, while the licensed master or licensed mate was not at the wheel, and while the wheelman at the wheel was asleep at all times while the vessel was underway; and

(E)     All other unseaworthy conditions of the WILDCAT and breaches of the warranty of seaworthiness by Candy Dancer that will proven at the trial of this matter.

Fieldwood reserves the right to amend this paragraph as discovery proceeds.

## CAUSATION

X.

The foregoing acts of negligence, gross negligence, statutory violations, and the breaches of the warranty of seaworthiness by Rodi, and the unseaworthy conditions of the WILDCAT were the sole legal and proximate causes of the Allision, and Fieldwood's resulting damages.

XI.

Fieldwood specifically pleads the legal presumption of fault, otherwise known as the Rule of *THE OREGON*, and the legal presumption of causation, otherwise known as the Rule of *THE PENNSYLVANIA*.

## PRIVITY AND KNOWLEDGE

XII.

The foregoing acts of negligence, statutory violations, and the breaches of the warranty of seaworthiness by Rodi, and the unseaworthy conditions of the WILDCAT were within the privity and knowledge of Rodi, and therefore plaintiff-in-limitation is not entitled to limit its liability to the post-allision value of the WILDCAT.

## THIRD CAUSE OF ACTION FOR INDEMNITY

XIII.

As a result of the Allision, Fieldwood is potentially exposed to liability for damages by one or more members of the crew of the WILDCAT, by property and economic damages by the owners and/or operators of ST 23-A, or for claims for contractual indemnity.

XIV.

Fieldwood is entitled to recover from Rodi contractual indemnity for any and all claims that may be asserted against Fieldwood as a result of the Allision, as well as pre-judgment interest through the date of entry of the judgment, and post-judgment interest until paid, all costs of these proceedings, and for the attorney's fees incurred in bringing this action.

### FOURTH CAUSE OF ACTION FOR TORT-BASED CONTRIBUTION

XV.

Alternatively, in the event this Court concludes that Fieldwood was either negligent or at fault in the Allision, which is expressly denied, then Fieldwood is entitled to tort-based contribution from Rodi for its proportion of negligence or fault in contributing to the Allision, including attorney's fees, prejudgment interest, post-judgment interest, and all costs of this consolidated civil action.

WHEREFORE, claimant, Fieldwood Energy LLC, prays that its Verified Claim be deemed good and sufficient and that plaintiff-in-limitation, Rodi Marine, LLC, answer same within the legal delays.

FURTHERMORE, Fieldwood prays that there be judgment entered in its favor and against plaintiff-in-limitation, Rodi, for all damages that Fieldwood is entitled to in the premises, including contractual indemnity as appropriate, attorney's fees, prejudgment interest, post judgment interest and all costs of this proceeding;

FURTHERMORE, Fieldwood prays in the alternative that in the event this Court finds that Fieldwood is liable to any other claimant, which is denied, then Fieldwood is entitled to recover contribution from cross defendant Rodi, in proportion to its respective degree of fault;

6

FURTHERMORE, Fieldwood requests all additional and further general and equitable relief to which it is entitled and this Honorable Court is empowered to grant.

Respectfully submitted,

/s/ James D. Bercaw
JAMES D. BERCAW, #20492
KING, KREBS & JURGNES, P.L.L.C.
201 St. Charles Avenue, 45TH Floor
New Orleans, Louisiana  70170
Telephone: (504) 582-1272
Facsimile:  (504) 582-1233
jbercaw@klb-law.com

Attorneys for Defendant-Claimant, Fieldwood Energy LLC

## VERIFICATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746 and Local Admiralty Rule 7.01(e), I, James D. Bercaw, verify under penalty of perjury that the following declarations are true and correct:

1. That he is a member at the firm of King, Krebs & Jurgens, P.L.L.C., attorneys for Fieldwood Energy LLC, defendant/claimant herein;

2. That he has read the foregoing Answer, knows the contents thereof, and that they are true to the best of his knowledge, information and belief;

3. That the sources of knowledge and the grounds for his belief are various documents furnished to him by Fieldwood Energy LLC; and,

4. That Fieldwood Energy LLC has no officers or agents within the jurisdiction of this Honorable Court.

This 3rd day of September, 2017.

/s/ James D. Bercaw
JAMES D. BERCAW

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2007, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                                 /s/ James D. Bercaw