UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION |
| OF RODI MARINE, LLC, AS | * | NO. 17-5394 |
| OWNER AND OPERATOR | * | |
| OF THE M/V WILDCAT | * | |
| PETITIONING FOR EXONERATION | * | SECTION: E (5) |
| FROM OR LIMITATION OF LIABILITY | * | |

*******************************************************************************************

## ANSWER TO THE CLAIM OF SHAWN PHILBECK

**NOW INTO COURT**, through undersigned counsel, comes plaintiff in limitation, Rodi Marine (Rodi), LLC, in response to the claim filed by Shawn Philbeck in the Complaint for exoneration from or limitation of liability, with respect represents:

### First Defense

The Claim fails to state a claim upon which relief can be granted.

### Second Defense

Now, answering the allegations of the claim more particularly, Rodi avers:

1.

The allegations in the first paragraph of the Claim are admitted.

2.

The allegations in the second paragraph of the Claim are admitted insofar as Rodi Marine admits it was the owner and operator, but not the charterer, of the M/V WILDCAT. Rodi Marine denies it was the charterer of the M/V WILDCAT.

3.

The allegations in the third paragraph of the Claim are admitted.

1

4.

The allegations in the fourth paragraph of the Claim do not pertain to Rodi and require no response. To the extent a response is required, petitioner admits Shawn Philbeck was an employee of Fieldwood Energy, LLC on board the vessel, but denies the plaintiff was a seaman and denies he sustained any injuries.

5.

The allegations in the fifth paragraph of the Claim are conclusions of law and do not require a response. Rodi does not contest the jurisdiction of this Court over this claim.

6.

The allegations in the sixth paragraph of the Claim are denied.

7.

The allegations in the seventh paragraph of the Claim are denied. Rodi specifically denies that Shawn Philbeck has a cause of action for unseaworthiness against the vessel or its owner.

8.

The allegations in the eighth paragraph of the Claim are denied. Rodi specifically denies that Shawn Philbeck has a cause of action for unseaworthiness against the vessel or its owner.

9.

The allegations in Paragraph 9 of the Claim, including sub-parts (1) – (9), are denied.

10.

The allegations in Paragraph 10 of the Claim are denied.

11.

The allegations in Paragraph 11 of the Claim, including sub-parts (a) – (i), are denied.

12.

The allegations in Paragraph 12 of the Claim are denied.

13.

The allegations in Paragraph 13 of the Claim are denied.

14.

The allegations in the prayer, and in any un-numbered or mis-numbered paragraph of the Claim, are denied.

### THIRD DEFENSE

Claimant's injuries, if any, were caused by or contributed to by his own negligence, particularly inattention to duty and other faults all of which will be proven during the trial of this matter, which fault should act as a complete bar or in the alternative, as a mitigating factor, to any recovery by the claimant.

### FOURTH DEFENSE

Further answering, Rodi avers that claiamant's injuries, if any, which are specifically and expressly denied, were neither caused by nor contributed to by Rodi nor anyone for whom it could or may have been responsible.

### FIFTH DEFENSE

Alternatively, and only in the event that this Honorable Court should refuse to dismiss the claim against it, herein, Rodi aver that if any party is entitled to recover against it, and it asserts and submits that the events described in his Complaint herein occurred without its privity or knowledge, and it claims the benefits of limitation of liability

all for the reasons more particularly set out in its complaint for limitation. Limitation plaintiff re-avers the allegations of the petition for limitation as if copied herein.

### SIXTH DEFENSE

In further answering, Rodi will show that if the claimant sustained any injury and disability, such injury or disability occurred as a result of the condition or conditions of the claimant's body pre-existing the incident, in whole or in part, for which said defendant is not responsible.

### SEVENTH DEFENSE

Claimant has failed to mitigate his damages as required by law.

### EIGHTH DEFENSE

Limitation plaintiff specifically reserves the right to amend this pleading once discovery is complete.

### NINTH DEFENSE

Limitation plaintiff reserves the right to file additional Answers, Third Party Complaints, Counter Claims or Cross Claims such as the facts may later disclose and require.

**WHEREFORE**, Limitation plaintiff prays that after due proceedings had, there be judgment herein in its favor, dismissing claimant's Claim at his cost. Additionally, defendant prays for such relief as the Court may deem appropriate.
.

Respectfully submitted:

**HARRY MORSE, L.L.C.**

/s/Harry Morse
**HARRY E. MORSE (#31515)**
650 Poydras Street, Suite 2710
New Orleans, LA 70130
Telephone: (504) 799-3141
E-Mail: harry@harrymorse.com
Attorney for Rodi Marine, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, this 18th day of September, 2017.

_____/s/Harry Morse_____