UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | CIVIL ACTION NO. 2:17-CV-5394 |
| COMPLAINT OF RODI MARINE, LLC, | § | |
| AS OWNER AND OPERATOR OF THE | § | JUDGE MORGAN |
| M/V WILDCAT, PETITIONING FOR | § | |
| EXONERATION FROM OR | § | MAGISTRATE JUDGE NORTH |
| LIMITATION OF LIABILITY | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF FIELDWOOD ENERGY LLC
TO THIRD-PARTY COMPLAINT OF RODI MARINE, LLC**

NOW COMES, defendant/claimant/third-party defendant, Fieldwood Energy LLC ("Fieldwood"), and files herewith its Answer to the Third-Party Complaint (Doc. 5, hereafter "Third-Party Complaint") of plaintiff-in-limitation/third-party plaintiff, Rodi Marine, LLC (hereafter "Rodi"), on information and belief, as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Third-Party Complaint fails to state a claim or cause of action against Fieldwood upon which relief may be granted.

**ANSWER**

AND NOW, for answer to the numbered paragraphs of the Third-Party Complaint, Fieldwood alleges and avers, as follows:

1.

The allegations of Paragraph 1 of the Third-Party Complaint pertain to this Court's subject matter jurisdiction, to which no answer is required; however, to the extent this Court requires an answer thereto, Fieldwood admits that the Third-Party Complaint is based on two maritime contracts and that the underlying dispute, a vessel allision with a stationary, marked platform, comprises a maritime tort which are within the Court's admiralty and maritime subject

matter jurisdiction. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 1 of the Third-Party Complaint.

2.

The allegations of Paragraph 2 of the Third-Party Complaint pertain to this Court's venue, to which no answer is required; however, to the extent this Court requires an answer thereto, Fieldwood denies the truth of the allegations of Paragraph 2 of the Third-Party Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

3.

Fieldwood denies the truth of the allegations of Paragraph 3 of the Third-Party Complaint.

4.

Fieldwood admits that effective January 1, 2014, it entered into a Master Time Charter Agreement, with Kilgore Marine Services, LLC, which charter party, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 4 of the Third-Party Complaint.

5.

Fieldwood admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 5 of the Third-Party Complaint.

6.

Fieldwood admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 6 of the Third-Party Complaint.

7.

Fieldwood admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 7 of the Third-Party Complaint.

8.

Fieldwood admits that on or about April 18, 2017, the M/V WILDCAT was working for Fieldwood pursuant to the Master Time Charter Agreement and that the M/V WILDCAT allided with a platform in the Gulf of Mexico. Except as expressly admitted, Fieldwood denies the truth of the allegations of Paragraph 8 of the Third-Party Complaint.

9.

Fieldwood admits that on or about April 18, 2017, the M/V WILDCAT was working for Fieldwood pursuant to the Master Time Charter Agreement. Except as expressly admitted, Fieldwood denies the truth of the allegations of Paragraph 9 of the Third-Party Complaint.

10.

Fieldwood admits that at the time of the allision, the M/V WILDCAT was carrying the following Fieldwood employees as passengers: Brian Dibb, Lionel Every, Royce Mitchell, Shawn Philbeck, and Antonio Smith. Fieldwood further admits that its Master Time Charter

Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 10 of the Third-Party Complaint.

11.

Fieldwood admits that as of this date, Antonio Smith has filed a claim in the Limitation of Liability proceeding filed by Rodi Marine, LLC. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 11 of the Third-Party Complaint.

12.

Fieldwood admits that as of this date, Lionel Every and Shawn Philbeck have filed claims in the Limitation of Liability proceeding filed by Rodi Marine, LLC. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 12 of the Third-Party Complaint.

12(2nd).

Fieldwood denies the truth of the allegations of Paragraph 12(2nd) of the Third-Party Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

13.

Fieldwood further admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Fieldwood denies that on April 18, 2017, Rodi was the owner of the M/V WILDCAT. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 13 of the Third-Party Complaint.

14.

Fieldwood denies the truth of the allegations of Paragraph 14 of the Third-Party Complaint.

15.

Fieldwood denies the truth of the allegations of Paragraph 15 of the Third-Party Complaint.

16.

Fieldwood admits that it has denied the written demand for contractual defense and indemnity of Rodi for certain claims referenced in that written demand. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of the Third-Party Complaint.

17.

Fieldwood denies the truth of the allegations of Paragraph 17 of the Third-Party Complaint.

18.

To the extent the allegations of any unnumbered or prefatory paragraphs require a response on the part of Fieldwood, Fieldwood denies the truth of those allegations.

19.

To the extent Rodi's prayer for relief requires a response on behalf of Fieldwood, Fieldwood denies the truth of the allegations set forth in the prayer for relief.

## SECOND AFFIRMATIVE DEFENSE

Fieldwood has previously filed with the Court the Verified Answer and Affirmative Defenses of Fieldwood Energy LLC to Complaint for Exoneration or Limitation of Liability (Doc. Verified Claim (Doc. 10) and the Verified Claim of Fieldwood Energy LLC (Doc. 11), the

allegations and averments of which are repeated as an affirmative defense, as if copied herein *in extenso*.

### THIRD AFFIRMATIVE DEFENSE

The negligence, gross negligence, statutory and regulatory violations and fault of Rodi, its employees and shore-based management as well as the unseaworthiness of the WILDCAT and her crew were the sole legal and proximate causes of the April 18, 2017, allision (hereafter "the Allision") between the WILDCAT and the fixed platform A, located in Block 23, South Timbalier Area, (hereafter "ST 23-S").

### FOURTH AFFIRMATIVE DEFENSE

The negligence, gross negligence, statutory and regulatory violations and fault of Rodi, its employees and shore-based management as well as the unseaworthiness of the WILDCAT and her crew were within the privity and knowledge of Rodi.

### FIFTH AFFIRMATIVE DEFENSE

Fieldwood was neither the owner, operator, nor demise/bareboat charterer of the M/V WILDCAT and, therefore, has no liability with respect to the operations of such vessel.

### SIXTH AFFIRMATIVE DEFENSE

Rodi was neither the owner of the M/V WILDCAT nor a subcontractor of the M/V WILDCAT, her owner or her operator and therefore Rodi is not a member of the "Owner Group" as defined in the Master Time Charter Agreement. Accordingly, Rodi can have no recovery against Fieldwood for contractual defense and indemnity or against Fieldwood's insurers for insurance coverage and defense, as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

Alternatively, in addition to the foregoing allegations of negligence, fault, and statutory and regulatory violations of Rodi as well as the unseaworthiness of the M/V WILDCAT and her crew, the Allision was caused by the gross negligence of Rodi which bars any alleged recovery by Rodi against Fieldwood for contractual defense and indemnity under the Master Time Charter Agreement.

### EIGHTH AFFIRMATIVE DEFENSE

Alternatively, in addition to the foregoing allegations of negligence, fault, and statutory and regulatory violations of Rodi as well as the unseaworthiness of the M/V WILDCAT and her crew, the Allision was caused by the gross negligence of Rodi which bars any alleged recovery by Rodi against Fieldwood's insurers for insurance coverage and defense under the Master Time Charter Agreement.

WHEREFORE, defendant/claimant/third-party defendant, Fieldwood Energy LLC, prays that this Answer be deemed good and sufficient and that after all due delays and all proceedings had, there be judgment entered in favor of defendant/claimant/third-party defendant, Fieldwood, casting plaintiff-in-limitation, Rodi Marine, LLC, solely at fault as concerns the April 18, 2017, allision and Fieldwood's resulting damages, including attorney's fees, prejudgment interest, post judgment interest and all costs of this proceeding and dismissing the Complaint of plaintiffs-in-limitation, with prejudice;

FURTHERMORE, Fieldwood requests that there be judgment entered in favor of defendant/claimant/third-party defendant, Fieldwood, casting plaintiff-in-limitation, Rodi Marine, LLC, finding Rodi was not a member of the "Owner Group" as defined in the Master Time Charter Agreement and furthermore that the April 18, 2017, allision was caused by the

gross negligence of Rodi and therefore requiring the dismissal of Rodi's claims for contractual defense and indemnity against Fieldwood as well as the dismissal of Rodi's claims for insurance coverage and defense against Fieldwood's insurers;

FURTHERMORE, Fieldwood requests all additional and further general and equitable relief to which it is entitled and this Honorable Court is empowered to grant.

Respectfully submitted,

/s/ James D. Bercaw
JAMES D. BERCAW, #20492
KING, KREBS & JURGNES, P.L.L.C.
201 St. Charles Avenue, 45TH Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-1272
Facsimile: (504) 582-1233
gjurgens@klb-law.com
jbercaw@klb-law.com

Attorneys for Defendant/Claimant/Third-Party Defendant, Fieldwood Energy LLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2017, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ James D. Bercaw