UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | CIVIL ACTION NO. 2:17-CV-5394 |
| COMPLAINT OF RODI MARINE, LLC, | § | |
| AS OWNER AND OPERATOR OF THE | § | JUDGE MORGAN |
| M/V WILDCAT, PETITIONING FOR | § | |
| EXONERATION FROM OR | § | MAGISTRATE JUDGE NORTH |
| LIMITATION OF LIABILITY | § | |

## STATEMENT OF UNCONTESTED MATERIAL FACTS

NOW COMES, claimant / third party defendant, Fieldwood Energy LLC, and pursuant to Local Rule 56.1 files its Statement of Uncontested Material Facts. The evidentiary support for each individual statement is attached as exhibits to this pleading.

1. On May 6, 2014, Rodi, designated as "Operator", and Kilgore Marine Services, L.L.C. (hereafter "Kilgore"), designated as "Broker" executed a Brokerage Agreement, a copy of which is attached as Exhibit 1.

2. Pursuant to the Brokerage Agreement, Rodi appointed Kilgore as Rodi's agent for obtaining charters or similar work contracts for Rodi's vessels. (Exh. 1, Brokerage Agreement, p. 1, art.1.)

3. As set forth in the Brokerage Agreement, Kilgore acted at all times as the broker of the M/V WILDCAT. (Exh. 1, Brokerage Agreement, p. 1, art.1; Doc. 5, Third Party Complaint, p. 5, para. 8.)

4. The Brokerage Agreement further provided as concerns the existence of master time charter parties:

> It is understood that in consideration of procuring work for [Rodi's] vessel, Charterer may require that a Master Time or similar charter be in place between [Kilgore] and Charterer, and that the charter of [Rodi's] vessel will be controlled by the Time Charter. [Rodi] agrees to assume any and all obligations which [Kilgore] has assumed in any such Time Charter including, but not limited

to, all defense and indemnity and insurance procurement obligations.

(Exh. 1, Brokerage Agreement, p. 2, art. 2.)

5.   Article 5 of the Brokerage Agreement states as follows:

> [Rodi] agrees to protect, defend, and indemnify and safe harmless Broker Group for, from and against [1] <u>any and all claims, demands, causes of action and liabilities of every kind and character, whether to person or property (including, but not limited to personal injury</u>, death, property damage or loss, <u>economic damages</u>, costs of litigation and attorneys' fees), <u>without limit and</u> [2] <u>without regard to the cause or causes thereof or the alleged</u>, actual, passive, primary and/or secondary negligence, <u>breach of</u> warranty or <u>contract</u>, fault or unseaworthiness <u>of Broker Group</u> and/or any other person or entity, and [3] <u>whether brought or presented by [Rodi]</u> or by an employee, servant, and/or agent of [Rodi], and/or any contractor, sub-contractor, invitee, vendor or client of [Rodi] and/or their employees, servants or, agents, arising directly or indirectly out of, incident to, and/or connected with (i) [4] <u>the work and/or services to be performed under this agreement</u>, and/or (ii) [Rodi's] failure to honor any of the obligations set forth in Section 2(B) of this agreement.
>
> * * *
>
> In addition, [Rodi] shall reimburse Broker Group for any court costs, <u>attorney's fees or any other expenses incurred in pursuit</u> or enforcement of these defense, indemnity or insurance obligations.

(*Id.*, p. 3, art. 5) (emphasis and bracketed numbering added).

6.   Effective January 1, 2014, Kilgore and Fieldwood executed a Master Time Charter Agreement (hereafter "Time Charter"), a copy of which is attached as Exhibit 2.

7.   Paragraph 2 of the Time Charter envisioned Kilgore acting as a broker for the vessels Fieldwood would decide in the future to charter under the terms and conditions of the Time Charter, as follows:

> This Agreement does not obligate [Kilgore] to charter its vessels to [Fieldwood], nor does it obligate [Fieldwood] to hire <u>any vessel or vessels</u> owned, <u>brokered, or chartered by [Kilgore]</u>, but it, together with any Short Form between [Kilgore] and [Fieldwood] dated subsequent to the Effective Date, shall govern the respective rights and duties of [Kilgore] and [Fieldwood] with respect to the charter of [Kilgore's] vessels by [Fieldwood].

(Exh. 2, Time Charter, pp. 1 – 2, para. 2.)

8.     The Brokerage Agreement granted Kilgore authority, as broker, to provide the WILDCAT to Fieldwood for its use as time charterer of the WILDCAT pursuant to the Time Charter.  (Exh. 1, Brokerage Agreement, p. 1, para. 1.)

9.     The Brokerage Agreement defined the term "Charterer" as "any customer for whom the vessel will be working".  (*Id*., p. 1, para. 1.)

10.    Additionally, the Brokerage Agreement defined the term "Broker Group" as including Kilgore, and "any Charterer or customer for whom work is to be performed."  (*Id*.)

11.    The M/V WILDCAT was working for Fieldwood on or about April 18, 2017, when the M/V WILDCAT allided with a platform in the Gulf of Mexico.  (Doc. 5, Third Party Complaint, p. 5, para. 8; Doc. 19, Answer and Affirmative Defenses to Third Party Complaint, p. 3, para. 8.)

12.    Accordingly, Fieldwood was a member of the Broker Group.  (Exh. 1, Brokerage Agreement, p. 1, para. 1.)

13.    Personal injury claims were filed in Rodi's limitation proceeding by the following individuals:  Antonio Smith (Doc. 4, para. I(1) – "Claimant suffered severe bodily injuries"), Shawn Philbeck (Doc. 8, para. I – "Shawn Philbeck . . . sustained injuries"), and Lionel Every Jr. (Doc. 12, para. III(3.1) – "Claimant sustained severe and disabling injuries").

14.    Rodi has settled the personal injury claims of the other passengers.

15.    On April 17 and 18, 2017, the M/V WILDCAT was working and performing services by virtue of both the Brokerage Agreement and the Time Charter.  (Doc. 5, Third Party Complaint, p. 5, para. 8; Doc. 19, Answer and Affirmative Defenses to Third Party Complaint, p. 5, para. 8.)

        Respectfully submitted:

          /s/ James D. Bercaw
        James D. Bercaw, T.A. (20492)
        **KING & JURGENS, L.L.C.**
        201 St. Charles Avenue, 45th Floor
        New Orleans, Louisiana  70170
        Telephone:  (504) 582-3800
        Facsimile:  (504) 582-1233
        Email:    jbercaw@kingkrebs.com

        *Counsel for Claimant / Third Party Defendant,*
        *Fieldwood Energy LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

          /s/ James D. Bercaw