UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE § | | CIVIL ACTION NO. 2:17-CV-5394 |
| COMPLAINT OF RODI MARINE, LLC, § | | |
| AS OWNER AND OPERATOR OF THE § | | JUDGE MORGAN |
| M/V WILDCAT, PETITIONING FOR § | | |
| EXONERATION FROM OR § | | MAGISTRATE JUDGE NORTH |
| LIMITATION OF LIABILITY § | | |

**MEMORANDUM IN OPPOSITION OF
FIELDWOOD ENERGY LLC TO MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT AND AMENDED THIRD PARTY COMPLAINT**

MAY IT PLEASE THE COURT:

Claimant / third party plaintiff, Fieldwood Energy LLC ("Fieldwood"), files its memorandum in opposition to the motion for leave to file amended complaint for limitation and amended third-party complaint (Doc. 75) of Petitioner, Rodi Marine, LLC ("Rodi"), on the grounds of futility as well as the vagueness and ambiguity of the proposed amended pleadings. Fieldwood reserves its right to withdraw this opposition memorandum in the event that Rodi submits a stand-alone substitute/amended complaint for limitation and a stand-alone substitute/amended third party complaint in advance of the October 31, 2018, hearing on this motion that cures the following pleading defects.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

This civil action arises out of the April 18, 2017, allision of the M/V WILDCAT with a marked obstruction to navigation, Platform S, located in Block 23, South Timbalier Area, on the Outer Continental Shelf off the coast of Louisiana (hereafter "the Allision"). The original complaint sought exoneration from, or limitation of, liability for the potential personal injury and property damage claims arising out of the Allision by Rodi Marine, LLC, the purported owner of the WILDCAT. (Doc. 1.)

Fieldwood filed an answer (Doc. 10) and a verified claim (Doc. 11) to the original complaint, denying Rodi's right to exoneration or limitation of liability, as well as asserting a claim for contractual indemnity against Rodi.

Rodi included within its answer to the claim of Antonio Smith, a passenger of the WILDCAT, its third party complaint against Fieldwood for contractual indemnity. (Doc. 5.) Fieldwood filed an answer to the third party complaint, denying any and all liability to Rodi for contractual indemnity, reiterating its right to contractual indemnity from Rodi, and asserting other affirmative defenses to Rodi's third party complaint. (Doc. 19.)

Rodi and Fieldwood subsequently filed cross-motions for summary judgment directed to the contractual indemnity issues. (Docs. 50 & 58.) One of the factual issues presented in Rodi's motion for summary judgment was whether Rodi Marine, LLC qualified as a member of the "Owner Group" within the Master Time Charter Agreement, more specifically whether Rodi Marine, LLC was the owner or operator or subcontractor of the owner or operator of the M/V WILDCAT. The other major factual dispute was whether the Allision arose out of the gross negligence of the master and crewmembers of the WILDCAT, which was an express exception to Fieldwood's contractual indemnity obligations to Owner Group, and therefore Fieldwood did not owe Rodi (assuming it was a member of the Owner Group) any contractual indemnity as a matter of law.

Judge Morgan denied both motions for summary judgment without prejudice finding they were premature and that there were genuine issues of material fact. (Doc. 73.) The Court also directed Rodi to file any motion for leave to amend the complaint or the third party complaint by October 11, 2018. (*Id.*) Each proposed amendment is discussed separately.

A. **Proposed Amended Complaint for Exoneration from or Limitation of Liability**

The prefatory paragraph of the proposed amended complaint is not directed to the complaint, but to the third party complaint: "Petitioner, Rodi Marine, LLC, amends its Third-Party Complaint against Fieldwood Energy as follows:" (Doc. 75-3, pref. para.) As an initial matter, leave to file the proposed amended complaint should be denied inasmuch as it refers to another pleading altogether.

The first numbered paragraph of the proposed amended complaint requests leave to amend the Paragraph 1 and 2 of the original complaint. Those paragraphs provided as follows:

1.

At all times pertinent, Rodi Marine, LLC was a limited liability corporation (sic) organized under and existing by virtue of the laws of the States of Louisiana, and was the owner of the M/V WILDCAT at all pertinent times.

2.

The M/V WILDCAT is an aluminum-hulled vessel, 155 feet in length, official number 981473 operating in, and located in, this judicial district at all pertinent times.

(Doc. 1, paras. 1 & 2.)

The proposed pleading amends Paragraphs 1 and 2 to add Rodi Marine Management, LLC and GJR, LLC[1] as petitioners for limitation of liability, along with Rodi Marine, LLC, all in the alternative, as the owner(s) and/or operator(s) of the M/V WILDCAT. While the amendment potentially applies to Paragraph 1, subject to the futility of the amendment discussed *infra*, it is unclear to counsel how the requested amendment will affect Paragraph 2 of the original

---

[1] According to U.S. Coast Guard records produced in this case, GJR Marine, LLC is the registered and official owner of the M/V WILDCAT. (Doc. 66-2, p. 29 of 35.) The requested addition of "GJR, LLC" as the purported owner and operator of the M/V WILDCAT is unclear, but does not form a proper basis to object to the amended complaint and amended third party complaint.

complaint which did not mention petitioner, Rodi Marine, LLC.

The proposed amendment further provides "in all instances to allege that Rodi Marine, LLC, Rodi Marine Management, LLC and GJR, LLC are, in the alternative, the owner and/or operator of the M/V WILDCAT." (Doc. 75-3, para. 1.) Paragraph 2 of the proposed amended pleading incorporates by reference the remaining allegations of the original complaint, which "remains unchanged". Again, it is unclear where the requested amendment applies "in all instances" to the remainder of the original complaint which "remains unchanged".

As discussed *infra*, the proposed amendment to the original complaint should be denied for vagueness and ambiguity. Fieldwood submits that Rodi Marine, LLC should submit a stand-alone amended complaint in its entirety, without incorporation by reference, which would eliminate this potential vagueness and ambiguity.

Also as discussed *infra*, while the Shipowners' Limitation of Liability Act ("Limitation Act"), 46 U.S.C. § 30501 *et seq.*, potentially grants vessel owners the right to limit their liability to the post-casualty value of the vessel, the Limitation Act by its own terms does not extend such a right to operators of vessels. Accordingly, to the extent Rodi Marine, LLC, Rodi Marine Management, LLC or GJR, LLC seek limitation of their liability as alleged <u>operators</u> of the M/V WILDCAT, such relief is contrary to the statutory language of the Limitation Act, and thus leave to amend should be denied on that discrete basis.

  **B.**   **Purported Amended Third Party Complaint**

A comparison of the original third party complaint with the allegations of the requested amended pleading reveals a similar inconsistency as that discussed above as concerns the proposed amended complaint. Paragraph 2 of the proposed amended pleading "incorporates by reference the remainder of the Third-Party Complaint, which remains unchanged." Yet

Paragraph 1 requests leave "to add Rodi Marine Management, LLC and GJR, LLC as third-party plaintiffs, all as the owner(s) and / or operator(s) of the M/V WILDCAT, all in the alternative, seeking defense and indemnity from Fieldwood, and all the same remedies under the Master Time Charter Agreement to which Rodi Marine, LLC alleges it is entitled." (Doc. 75-4, para. 1.)

As discussed *infra*, the proposed amendment to the original third party complaint should be denied for vagueness and ambiguity. Fieldwood submits that Rodi Marine, LLC should submit a stand-alone amended third party complaint in its entirety, without any incorporation by reference, to eliminate the foregoing vagueness and ambiguity.

## II.   LAW AND ANALYSIS

The Court granted Rodi Marine, LLC until October 11, 2018 within which to file its proposed amendment. Accordingly, Fieldwood submits this Court need not review the motion for compliance with Fed. R. Civ. P. 16.

Nevertheless, to the extent Rodi Marine, LLC requests leave to amend the original complaint under Fed. R. Civ. P. 15, it should be denied in part on the grounds of futility. *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996), *cert. denied*, 519 U.S. 1057 (1997). In determining "futility", the Fifth Circuit has instructed the district courts to apply the same standard of legal sufficiency as applies under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000). Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief can be granted.

Generally, the Limitation Act limits the liability of the owner of a vessel for any claim, debt or liability to the value of the vessel and pending freight. 46 U.S.C. § 30505(a). For purposes of the Limitation Act, the term "owner" is defined to include "a charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own

procurement". 46 U.S.C. § 30501. In other words, a bareboat or demise charterer of a vessel may be entitled to limit its liability, but a time charterer of a vessel cannot. *In re Barracuda Tanker Corp.*, 281 F. Supp. 228, 231, (S.D.N.Y. 1968), *remanded on other grounds*, 409 F.2d 1013 (2d Cir. 1969).

In the currently proposed amended complaint of Rodi Marine, LLC, petitioners have pleaded entitlement to limitation not only as owner of the M/V WILDCAT, but also as "operator" of the vessel. The Limitation Act however does not extend its provisions to anyone other than the owner / bareboat charterer of the vessel. Accordingly, to the extent the amended complaint is limited to petitioners in their status as owner of the M/V WILDCAT, those allegations are sufficient to state a cause of action for the remedy afforded the Limitation Act.

However, to the extent the amended complaint expands the remedy to operators of the vessel, without further alleging that they manned, supplied or navigated the vessel at their own expense, they clearly are not entitled to limit their liability. In other words, that portion of the proposed amendment should be denied as futile. *Southmark*, *supra*. Accordingly, the proposed amendment to the original complaint should be denied to the extent the petitioners are claiming the remedy of limitation as operators, and nothing more, of the M/V WILDCAT.

Similarly, this Court has authority to deny a proposed amendment to the extent it attempts to incorporate by reference an earlier pleading, if the incorporation by reference would simply add unnecessary confusion and ambiguity to the amended complaint. See e.g., *Griffin v. Zurich Amer. Ins. Co.*, 2015 WL 12748322 at *5 (N.D. Tex. 2015). In the instant case, a comparison of the original pleadings with their requested amendments and the incorporation by reference of the original pleadings "which remain unchanged" leads to confusion. Rather than file a motion for more definite statement, Fieldwood requests that Rodi Marine submit a stand-

alone substitute/replacement amended complaint and stand-alone substitute/replacement amended third party complaint without any incorporation by reference to eliminate the existing confusion under these circumstances.

## CONCLUSION

For the foregoing reasons, this Court should deny Rodi Marine, LLC leave to amend its complaint and its third party complaint, as those amended pleadings are currently drafted. Fieldwood reserves the right to withdraw its opposition in the event that Rodi Marine, LLC cures the defects in its pleadings prior to the hearing on this matter through a stand-alone substitute / amended complaint and a stand-alone substitute / amended third party complaint.

Respectfully submitted,

/s/ James D. Bercaw
James D. Bercaw, T.A. (20492)
**KING & JURGENS, L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
Email: jbercaw@kingkrebs.com

*Counsel for Claimant / Third Party Defendant, Fieldwood Energy LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ James D. Bercaw