UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | CIVIL ACTION NO. 2:17-CV-5394 |
| COMPLAINT OF RODI MARINE, LLC, | § | |
| AS OWNER AND OPERATOR OF THE | § | JUDGE MORGAN |
| M/V WILDCAT, PETITIONING FOR | § | |
| EXONERATION FROM OR | § | MAGISTRATE JUDGE NORTH |
| LIMITATION OF LIABILITY | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF FIELDWOOD ENERGY LLC
TO FIRST SUPERSEDING AND AMENDED THIRD PARTY COMPLAINT
AND COUNTERCLAIM AGAINST RODI MARINE, LLC**

NOW COMES, defendant/claimant/third party defendant/counterclaimant, Fieldwood Energy LLC ("Fieldwood"), and files herewith its Answer to the First Superseding and Amended Third-Party Complaint (Doc. 81, hereafter "Amended Third Party Complaint") of Rodi Marine, LLC (hereafter "Rodi"), Rodi Marine Management, LLC ("Rodi Management") and GJR Marine, LLC ("GJR"), as well as its Counterclaim against Rodi, on information and belief, as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Amended Third Party Complaint fails to state a claim or cause of action against Fieldwood upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Rodi, which is neither the owner of the M/V WILDCAT, her operator nor subcontractor of GJR, Rodi Management nor the M/V WILDCAT, has no right of action against Fieldwood, as a matter of law.

**ANSWER**

AND NOW, for answer to the numbered paragraphs of the Amended Third Party Complaint, Fieldwood alleges and avers, as follows:

1.

The allegations of Paragraph 1 of the Amended Third Party Complaint pertain to this Court's subject matter jurisdiction, to which no answer is required; however, to the extent this Court requires an answer thereto, Fieldwood admits that the Amended Third Party Complaint is based on at least two maritime contracts and that the underlying dispute, a vessel allision with a stationary, marked platform, comprises a maritime tort which are within the Court's admiralty and maritime subject matter jurisdiction. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 1 of the Amended Third Party Complaint.

2.

The allegations of Paragraph 2 of the Amended Third Party Complaint pertain to this Court's venue, to which no answer is required; however, to the extent this Court requires an answer thereto, Fieldwood denies the truth of the allegations of Paragraph 2 of the Amended Third Party Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

3.

Fieldwood denies the truth of the allegations of Paragraph 3 of the Amended Third Party Complaint.

4.

Fieldwood admits that effective January 1, 2014, it entered into a Master Time Charter Agreement, with Kilgore Marine Services, LLC, which charter party, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 4 of the Amended Third Party Complaint.

5.

Fieldwood admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 5 of the Amended Third Party Complaint.

6.

Fieldwood admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 6 of the Amended Third Party Complaint.

7.

Fieldwood admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 7 of the Amended Third Party Complaint.

8.

Fieldwood admits that on or about April 18, 2017, the M/V WILDCAT was working for Fieldwood pursuant to the Master Time Charter Agreement and the March 10, 2015, Brokerage Agreement between GJR, designated as "Operator", and Kilgore Marine Services, LLC, designated as "Broker", and that the M/V WILDCAT allided with a platform in the Gulf of Mexico. Except as expressly admitted, Fieldwood denies the truth of the allegations of Paragraph 8 of the Amended Third Party Complaint.

9.

Fieldwood admits that on or about April 18, 2017, the M/V WILDCAT was working for Fieldwood pursuant to the Master Time Charter Agreement and the March 10, 2015, Brokerage Agreement between GJR, designated as "Operator", and Kilgore Marine Services, LLC, designated as "Broker". Except as expressly admitted, Fieldwood denies the truth of the allegations of Paragraph 9 of the Amended Third Party Complaint.

10.

Fieldwood admits that at the time of the allision, the M/V WILDCAT was carrying the following Fieldwood employees as passengers: Brian Dibb, Lionel Every, Royce Mitchell, Shawn Philbeck, and Antonio Smith. Fieldwood further admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 10 of the Amended Third Party Complaint.

11.

Fieldwood admits that as of this date, Lionel Every, Shawn Philbeck and Antonio Smith have filed their separate claims in this Limitation Proceeding. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 11 of the Amended Third Party Complaint.

12.

Fieldwood admits that the claim of Shawn Philbeck in this Limitation Proceeding as well as the potential claims of Bryan Dibb and Royce Mitchell have been settled. Fieldwood further admits that the separate settlement agreements executed by Messrs. Dibb, Mitchell and Philbeck, being written contracts, are the best evidence of their terms, conditions and provisions, including

the parties released. Fieldwood denies that Rodi Marine, LLC was the owner or the operator of the M/V WILDCAT at any time. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 12 of the Amended Third Party Complaint.

13.

Fieldwood denies that Rodi was the owner or operator of the M/V WILDCAT. Except as expressly denied, Fieldwood denies the truth of the remaining allegations of Paragraph 13 of the Amended Third Party Complaint for lack of information or knowledge sufficient to justify a believe as to the truth thereof.

14.

Fieldwood admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Fieldwood admits that on April 18, 2017, GJR was the owner of the M/V WILDCAT. Fieldwood denies that on April 18, 2017, Rodi was the owner or the operator of the M/V WILDCAT. Fieldwood denies that on April 18, 2017, Rodi Management was the owner or the operator of the M/V WILDCAT. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 14 of the Amended Third Party Complaint.

15.

Fieldwood denies the truth of the allegations of Paragraph 15 of the Amended Third Party Complaint.

16.

Fieldwood denies the truth of the allegations of Paragraph 16 of the Amended Third Party Complaint.

17.

Fieldwood admits that it has denied the written demand for contractual defense and indemnity for certain claims referenced in that written demand.  Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 17 of the Amended Third Party Complaint.

18.

Fieldwood denies the truth of the allegations of Paragraph 18 of the Amended Third Party Complaint.

19.

To the extent the allegations of any unnumbered or prefatory paragraphs require a response on the part of Fieldwood, Fieldwood denies the truth of those allegations.

20.

To the extent Rodi's prayer for relief requires a response on behalf of Fieldwood, Fieldwood denies the truth of the allegations set forth in the prayer for relief.

### THIRD AFFIRMATIVE DEFENSE

Fieldwood has previously filed with the Court its Verified Answer and Affirmative Defenses of Fieldwood Energy LLC to the First Superseding and Amended Complaint for Exoneration or Limitation of Liability (Doc. No. 82) and its Second Verified Claim of Fieldwood Energy LLC (Doc. No. 83), the allegations and averments of which are repeated as an affirmative defense, as if copied herein *in extenso*.

### FOURTH AFFIRMATIVE DEFENSE

The negligence, gross negligence, statutory and regulatory violations or fault of Rodi Management, its employees and shore-based management, the negligence, gross negligence,

statutory and regulatory violations or fault of GJR, its employees and shore-based management, as well as the unseaworthiness of the WILDCAT and her crew were the sole legal and proximate causes of the April 18, 2017, allision (hereafter "the Allision") between the WILDCAT and the fixed platform "S," a/k/a "Sugar," located in Block 23, South Timbalier Area, (hereafter "S.T. 23-S").

## FIFTH AFFIRMATIVE DEFENSE

The negligence, gross negligence, statutory and regulatory violations or fault of Rodi Management, its employees and shore-based management, as well as the unseaworthiness of the WILDCAT and her crew were within the privity and knowledge of Rodi Management.

## SIXTH AFFIRMATIVE DEFENSE

The negligence, gross negligence, statutory and regulatory violations or fault of GJR, its employees and shore-based management, as well as the unseaworthiness of the WILDCAT and her crew were within the privity and knowledge of GJR.

## SEVENTH AFFIRMATIVE DEFENSE

Fieldwood was neither the owner, operator, nor demise/bareboat charterer of the M/V WILDCAT and, therefore, has no liability with respect to the operations of such vessel.

## EIGHTH AFFIRMATIVE DEFENSE

Rodi was neither the owner nor operator of the M/V WILDCAT nor a subcontractor of the M/V WILDCAT, her owner nor her operator, and therefore Rodi is not a member of the "Owner Group" as defined in the Master Time Charter Agreement. Accordingly, Rodi can have no recovery against Fieldwood for contractual defense and indemnity or against Fieldwood's insurers for insurance coverage and defense, as a matter of law.

**NINTH AFFIRMATIVE DEFENSE**

Alternatively, in addition to the foregoing allegations of negligence, fault, and statutory and regulatory violations of Rodi as well as the unseaworthiness of the M/V WILDCAT and her crew, the Allision was caused by the gross negligence of the master and/or crew members or GJR, as owner of the M/V WILDCAT, which bars any alleged recovery by third party defendants (singly and collectively) against Fieldwood for contractual defense and indemnity under the Master Time Charter Agreement.

**TENTH AFFIRMATIVE DEFENSE**

Alternatively, in addition to the foregoing allegations of negligence, fault, and statutory and regulatory violations of Rodi as well as the unseaworthiness of the M/V WILDCAT and her crew, the Allision was caused by the gross negligence of the master and/or crew members or GJR, as owner of the M/V WILDCAT, which bars any alleged recovery by third party defendants against Fieldwood's insurers for insurance coverage and defense under the Master Time Charter Agreement.

**ELEVENTH AFFIRMATIVE DEFENSE**

As more fully set forth in the GJR Brokerage Agreement, or, in the alternative, the Rodi Brokerage Agreement, and the respective Exhibits A to each Brokerage Agreement, Fieldwood was to be named as a named additional assured on all insurance policies of GJR and/or Rodi, expressly including any and all contractual liability coverage that is in place, with such policies to be endorsed to be primary coverage over all other insurance available to Fieldwood. To the extent this Court concludes that Fieldwood is obligated in whole or in part to defend and indemnify Rodi, Rodi Management and/or GJR for any claim arising out of the Allision, which is expressly denied, then in accordance with the precedent of *Tullier v. Halliburton Geophysical*

*Services, Inc.*, 81 F.3d 552 (5th Cir. 2009), *Klepac v. Champlin Petroleum Co.*, 842 F.2d 746 (5th Cir. 1988), and *Ogea v. Loffland Bros. Co.*, 622 F.2d 186 (5th Cir. 1980), GJR's insurers, or, in the alternative, Rodi's insurers, are required to exhaust their policy limits before any obligation to defend and indemnify on the part of Fieldwood is applicable, which is expressly denied.

## COUNTERCLAIM AGAINST RODI MARINE, LLC

AND NOW, assuming the procedural posture of counterclaimant, Fieldwood Energy LLC ("Fieldwood"), files this Counterclaim against Rodi Marine, LLC ("Rodi"), pursuant to Fed. R. Civ. P. 13(a)(1), on information and belief, as follows:

## PARTIES

I.

Counterclaimant, Fieldwood, is a foreign limited liability company with a foreign principal place of business that is authorized to do and doing business within the physical jurisdiction of this Court. Fieldwood is a wholly owned subsidiary of Fieldwood Energy, Inc., a Delaware corporation, with its principal place of business in Texas. The stock of Fieldwood Energy, Inc. is not publicly traded on any market or exchange.

II.

Counterdefendant, Rodi, is a Louisiana limited liability, comprised of two individuals, all of whom are and have been citizens of the State of Louisiana from April 18, 2017 through the present.

## JURISDICTION

III.

This Counterclaim arises out of the enforcement of two maritime contracts, a vessel time charter and a vessel brokerage agreement, with the principal demands arising out of the April 18,

2017, allision of the M/V WILDCAT with Platform "S" or "Sugar", located in Block 23, South Timbalier Area, in the navigable waters of the Gulf of Mexico, off the Coast of Louisiana (hereafter "S.T. 23-S"). Accordingly, this Court has jurisdiction over this Counterclaim by virtue of its admiralty and maritime jurisdiction, 28 U.S.C. § 1333.

IV.

Alternatively, Fieldwood's claim exceeds $75,000, exclusive of interest and costs. Accordingly, because the citizenship of Fieldwood is completely diverse from that of Rodi, this Court has jurisdiction over this Counterclaim by virtue of its diversity jurisdiction, 28 U.S.C. § 1332. Fieldwood nevertheless designates this Counterclaim as an admiralty and maritime law claim within the meaning of Fed. R. Civ. P. 9(h).

**VENUE**

V.

Fieldwood's Counterclaim against Rodi arises out of the original Third Party Complaint (Doc. No. 5, hereafter "original Third Party Complaint") as well as the First Superseding and Amended Third Party Complaint (Doc. 81, hereafter "Amended Third Party Complaint") filed in this matter. Accordingly, venue in this Court is proper over Fieldwood's request for contractual defense and indemnity as well as insurance coverage and defense for the claims asserted against it in the original Third Party Complaint and the Amended Third Party Complaint.

**GENERAL ALLEGATIONS**

VI.

At the time of the April 18, 2017, allision of the M/V WILDCAT with the S.T. 23-S platform (hereafter "the Allision"), Rodi was neither the owner nor the charterer that manned,

supplied, and navigated the M/V WILDCAT at Rodi's own expense or by Rodi's own procurement.

VII.

Instead, at the time of the Allision, GJR Marine, LLC owned the M/V WILDCAT and Rodi Marine Management, LLC employed Capt. Randy Louviere and James Hammond.

IX.

Accordingly, at the time of the Allision, Rodi was neither the owner nor operator of the M/V WILDCAT nor the subcontractor of the M/V WILDCAT, GJR Marine, LLC nor Rodi Marine Management, LLC.

X.

On March 10, 2015, GJR, designated as "Operator", and Kilgore Marine Services, L.L.C. (hereafter "Kilgore"), designated as "Broker" executed a Brokerage Agreement (hereafter "GJR Brokerage Agreement"), a true and correct copy of which is attached as Exhibit 1, through which Kilgore acted at all times as the broker of the M/V WILDCAT.

XI.

Effective January 1, 2014, Kilgore and Fieldwood executed a Master Time Charter Agreement (hereafter "Time Charter"), a true and correct copy of which is attached as Exhibit 2.

XII.

The M/V WILDCAT was working for Fieldwood on or about April 17 and 18, 2017, when the M/V WILDCAT allided with a platform in the Gulf of Mexico. On April 17 and 18, 2017, the M/V WILDCAT was working and performing services by virtue of both the GJR Brokerage Agreement and the Time Charter.

XIII.

Alternatively, it has been represented previously in this Limitation Proceeding that on May 6, 2014, Rodi, designated as "Operator," and Kilgore, designated as "Broker," executed a Brokerage Agreement (hereafter "Rodi Brokerage Agreement"), a copy of which is attached as Exhibit 3, through which Kilgore acted at all times as the broker of the M/V WILDCAT, all of which Fieldwood now denies.

XIV.

Alternatively, in the event this Honorable Court concludes to the contrary, which Fieldwood expressly denies, and finds that the M/V WILDCAT was chartered to Fieldwood pursuant to the Rodi Brokerage Agreement and not the GJR Brokerage Agreement, which is also expressly denied, then Fieldwood sets forth this Counterclaim in the alternative against Rodi, as follows:

**FIRST CAUSE OF ACTION FOR ALTERNATIVE CONTRACTUAL INDEMNITY**

XV.

Alternatively, on November 6, 2018, Rodi, Rodi Management and GJR, in their procedural capacities as third party plaintiffs, filed the Amended Third Party Complaint against Fieldwood seeking contractual defense and indemnity from the personal injury claims of certain Fieldwood employees, namely Brian Dibb, Lionel Every, Royce Mitchell, Shawn Philbeck and Antonio Smith, arising out of or related to the Allision, allegedly in accordance with the terms, conditions and provisions of Paragraph 12 of a Master Time Charter Agreement, dated January 1, 2014, between Fieldwood, identified as Charterer, and Kilgore Marine Services, LLC, identified as Owner.

XVI.

Alternatively, on this date, Fieldwood filed its answer to the Amended Third Party Complaint, denying any liability to Rodi, Rodi Management, and/or GJR, and asserting certain affirmative defenses, all of which are realleged and reaverred as if copied herein *in extenso*.

XVII.

Alternatively, the Rodi Brokerage Agreement further provided as concerns the existence of master time charter parties:

> It is understood that in consideration of procuring work for [Rodi's] vessel, Charterer may require that a Master Time or similar charter be in place between [Kilgore] and Charterer, and that the charter of [Rodi's] vessel will be controlled by the Time Charter.  [Rodi] agrees to assume any and all obligations which [Kilgore] has assumed in any such Time Charter including, but not limited to, all defense and indemnity and insurance procurement obligations.

(Exh. 3, Rodi Brokerage Agreement, p. 2, art. 2.)

XVIII.

Article 5 of the Rodi Brokerage Agreement states as follows:

> [Rodi] agrees to protect, defend, and indemnify and safe harmless Broker Group for, from and against [1] any and all claims, demands, causes of action and liabilities of every kind and character, whether to person or property (including, but not limited to personal injury, death, property damage or loss, economic damages, costs of litigation and attorneys' fees), without limit and [2] without regard to the cause or causes thereof or the alleged, actual, passive, primary and/or secondary negligence, breach of warranty or contract, fault or unseaworthiness of Broker Group and/or any other person or entity, and [3] whether brought or presented by [Rodi] or by an employee, servant, and/or agent of [Rodi], and/or any contractor, sub-contractor, invitee, vendor or client of [Rodi] and/or their employees, servants or, agents, arising directly or indirectly out of, incident to, and/or connected with (i) [4] the work and/or services to be performed under this agreement, and/or (ii) [Rodi's] failure to honor any of the obligations set forth in Section 2(B) of this agreement.

(*Id.*, p. 3, art. 5) (emphasis and bracketed numbering added).

XIX.

Alternatively, the Rodi Brokerage Agreement granted Kilgore authority, as broker, to provide the WILDCAT to Fieldwood for its use as time charterer of the WILDCAT pursuant to the Time Charter. (*Id*., p. 1, para. 1.)

XX.

Alternatively, the Rodi Brokerage Agreement defined the term "Charterer" as "any customer for whom the vessel will be working". (*Id.*)

XXI.

Alternatively and additionally, the Rodi Brokerage Agreement defined the term "Broker Group" as including Kilgore, and "any Charterer or customer for whom work is to be performed." (*Id*.)

XXII.

Alternatively, the M/V WILDCAT was working for Fieldwood on or about April 17 and 18, 2017, when the M/V WILDCAT allided with a platform in the Gulf of Mexico. On April 17 and 18, 2017, the M/V WILDCAT was working and performing services by virtue of both the Rodi Brokerage Agreement and the Time Charter.

XXIII.

Alternatively and accordingly, Fieldwood was and is a member of the Broker Group as defined in the Rodi Brokerage Agreement.

XXIV.

Alternatively, Fieldwood is entitled to recover from Rodi contractual indemnity for any and all claims that may be asserted against Fieldwood as a result of the Allision, including the original Third Party Complaint and the Amended Third Party Complaint, attorneys' fees incurred

and to be incurred in the defense of the original Third Party Complaint and the Amended Third Party Complaint, as well as pre-judgment interest through the date of entry of the judgment, and post-judgment interest until paid.

### SECOND CAUSE OF ACTION FOR ALTERNATIVE BREACH OF CONTRACT IN NOT PROCURING REQUIRED INSURANCE COVERAGE AND DEFENSE FOR FIELDWOOD ENERGY LLC

XXV.

Fieldwood realleges and reavers Paragraphs XIV through XVII of this Counterclaim, *supra*, as if same were copied herein *in extenso*.

XXVI.

Alternatively, Article 5 of the Rodi Brokerage Agreement states as follows:

> [Rodi] further agrees to maintain insurance covering the indemnity agreement herein and agrees that all members of Broker Group will be named as additional assured(s) with waiver of subrogation on all [Rodi] insurance policies. All policies of insurance procured by [Rodi] shall contain a special endorsement with terms and provisions equivalent to Exhibit A, attached hereto.

(Exh. 3, Rodi Brokerage Agreement, p. 3, art. 5.)

XXVII.

Alternatively, although it has not been produced in discovery as of this time, Exhibit A of the Rodi Brokerage Agreement provided on information and belief as follows:

> For any work to be performed by any of Named Insured's covered vessel(s) pursuant to charter or brokerage agreement through Kilgore Marine Services, LLC and/or any of their subsidiaries or affiliated companies, and where such work is to be performed for or on behalf of Fieldwood Energy, LLC and/or any of their subsidiaries, affiliated companies, partners, joint venturers, or co-lessees, this policy specifically provides that both Kilgore Marine Services, LLC (and its affiliates, subsidiaries and predecessor entities) and Fieldwood Energy, LLC (and its affiliates, subsidiaries, partners joint venturers or co-lessees) shall be considered named additional assureds to the full extent of coverage provided under this policy, including but not limited to any and all contractual liability coverage that is in place. Underwriters' rights of subrogation against the named additional assureds are hereby waived.

>The coverage to be provided to such additional assureds under all coverage provided by these policies shall be in all respects and in all events identical with the coverage afforded to the owner of the vessel(s) and any limitation of coverage as to loss, damage, or expense, "as owner" and "other than as owner" or any other provision herein inconsistent with the coverage of such additional assureds, identically with owner's coverage shall, as to such additional insureds, be deemed deleted.  It is expressly agreed that the insurance afforded by these policies shall be deemed to be primary of all other insurance, and any "other insurance clause" contained in this policy is hereby deleted.  In the event of cancellation or material change in these policies, Underwriters will endeavor to give (30) days prior notice to Kilgore Marine Services, LLC.  All notices to Kilgore Marine Services, LLC should be addressed to:  200 Beaullieu Dr., Building 8, Lafayette, Louisiana 70508.  **Except in the event of non-payment, in which 10 days will be given.

(*Id.*, Exh. A.)

XXVIII.

Fieldwood realleges and reavers Paragraph XIX through XXIII of this Counterclaim, *supra*, as if same were copied herein *in extenso*.

XXIX.

Alternatively, Fieldwood has filed or will file either a Third Party Complaint or a separate Complaint against the various insurers of Rodi, Rodi Management or GJR, including but not limited to Navigators Insurance Company issuing Marine General Liability Policy No. HO17LIA00252401, certain Underwriters at Lloyd's London subscribing severally and not jointly to Protection & Indemnity Cover Note No. TRM-407508, and certain Underwriters at Lloyd's London and Navigators Insurance Company subscribing severally and not jointly to Cover Note No. TMU-407507, seeking insurance coverage and defense from the foregoing insurers / underwriters for the claims asserted against Fieldwood in the original Third Party Complaint and the Amended Third Party Complaint.

XXX.

Alternatively, in the event, Fieldwood does not receive full insurance coverage and defense from the claims asserted by Rodi, Rodi Management or GJR against Fieldwood in the original Third Party Complaint and the Amended Third Party Complaint, then Rodi has breached the insurance provisions of Paragraph 5 and Exhibit A of the Rodi Brokerage Agreement for which Rodi must step into the shoes of its insurers and provide Fieldwood with full insurance coverage and defense from the claims asserted by Rodi, Rodi Management, and/or GJR.

**THIRD ALTERNATIVE CAUSE OF ACTION FOR ATTORNEY'S FEES AND COSTS**

XXXI.

Fieldwood realleges and reavers Paragraphs XIV through XVII of this Counterclaim, *supra*, as if same were copied herein *in extenso*.

XXXII.

Article 5 of the Rodi Brokerage Agreement provided in relevant part, as follows: "In addition, [GJR] shall reimburse Broker Group for any court costs, attorney's fees or any other expenses incurred in any pursuit or enforcement of these defense, indemnity or insurance obligations."

XXXIII.

Fieldwood realleges and reavers Paragraphs XIX through XXIII of this Counterclaim, *supra*, as if same were copied herein *in extenso*.

XXXIV.

Fieldwood has incurred and will incur in the future attorney's fees, costs of depositions, fees of expert witnesses that it will call to testify at trial, and other expenses in the pursuit and

enforcement of its indemnity rights against Rodi and GJR for which Rodi is contractually obligated to reimburse Fieldwood.

XLI.

Fieldwood has incurred and will incur in the future attorney's fees, costs of depositions, fees of expert witnesses that it will call to testify at trial, and other expenses in the pursuit and enforcement of its insurance rights against the various insurers of Rodi and GJR for which Rodi is contractually obligated to reimburse Fieldwood.

WHEREFORE, defendant/claimant/third party defendant/counterclaimant, Fieldwood Energy LLC, prays that this Answer be deemed good and sufficient and that after all due delays and all proceedings had, there be judgment entered in favor of Fieldwood casting third party plaintiffs, Rodi Marine, LLC, Rodi Marine Management, LLC and GJR Marine, LLC, solely at fault as concerns the April 18, 2017, allision and Fieldwood's resulting damages, including attorney's fees, prejudgment interest, post judgment interest and all costs of this proceeding and dismissing the Third Party Complaint of third party plaintiffs, with prejudice;

FURTHERMORE, Fieldwood requests that there be judgment entered in favor of Fieldwood declaring third party plaintiff, Rodi Marine, LLC, was not a member of the "Owner Group" as defined in the Master Time Charter Agreement and furthermore that the April 18, 2017, allision was caused by the gross negligence of the master and crew members of the M/V WILDCAT, therefore requiring the dismissal of the claims of Rodi, Rodi Management and GJR for contractual defense and indemnity against Fieldwood as well as the dismissal of the claims of Rodi, Rodi Management and GJR for insurance coverage and defense against Fieldwood's insurers;

FURTHERMORE, Fieldwood requests that its Counterclaim against Rodi Marine, LLC be deemed good and sufficient, and that after due delays and proceedings had, that in the event this Court concludes the M/V WILDCAT was brokered to Kilgore Marine Services, LLC by Rodi Marine, LLC, and not GJR Marine, LLC, which is expressly denied, that Fieldwood prays that there be judgment entered in its favor and against Rodi, for all damages that Fieldwood is entitled to in the premises, including contractual indemnity as appropriate, attorney's fees, court costs, fees of expert witnesses and other expenses incurred by Fieldwood in the defense of the original Third Party Complaint and the Amended Third Party Complaint as well as in the pursuit of its indemnity rights against Rodi and GJR Marine, LLC as well as its insurance rights against the various insurers of Rodi and GJR, prejudgment interest, post judgment interest and all costs of this proceeding;

FURTHERMORE, Fieldwood prays that in the event this Court concludes the M/V WILDCAT was brokered to Kilgore Marine Services, LLC by Rodi Marine, LLC, and not GJR Marine, LLC, which is expressly denied, that in the additional event the various insurers of Rodi and GJR do not provide unqualified insurance coverage and defense to Fieldwood from the claims asserted against it in the original Third Party Complaint of Rodi Marine, LLC as well as the First Superseding and Amended Third Party Complaint of Rodi Marine, LLC, Rodi Marine Management, LLC and GJR Marine, LLC, that Rodi Marine, LLC step into the shoes of its insurers and provide Fieldwood with the insurance coverage and defense from the foregoing claims to which it is entitled by the Rodi Brokerage Agreement and Exhibit A to that agreement, including reimbursement of all attorney's fees, court costs, fees of expert witnesses and other expenses incurred by Fieldwood in the defense of the original Third Party Complaint and the

Amended Third Party Complaint as well as in the pursuit of its indemnity rights against Rodi and GJR Marine, LLC, prejudgment interest, post judgment interest and all costs of this proceeding;

FURTHERMORE, Fieldwood requests all additional and further general and equitable relief to which it is entitled and this Honorable Court is empowered to grant.

Respectfully submitted,

/s/ James D. Bercaw
JAMES D. BERCAW, #20492
KING & JURGENS, L.L.C.
201 St. Charles Avenue, 45TH Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-1272
Facsimile: (504) 582-1233
jbercaw@kingjurgens.com

Attorneys for Defendant/Claimant/Third Party Defendant/Counterclaimant, Fieldwood Energy LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2018, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ James D. Bercaw