UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: IN THE MATTER OF THE COMPLAINT OF RODI MARINE LLC | CIVIL ACTION |
|---|---|
| | NO. 17-5394 |
| | SECTION "E" (5) |

## ORDER AND REASONS

Before the Court is a Rule 12(b)(6) and Rule 12(c) Motion filed by Petitioners Rodi Marine, LLC, Rodi Marine Management, LLC, and GJR Marine, LLC ("Rodi").[1] Rodi seeks to dismiss Claimant Antonio Smith's claim for punitive damages and moves for judgment on the pleadings with respect to Lionel Every's claim for punitive damages. Smith and Every (sometimes referred to collectively as "Claimants") oppose the motion.[2]

## BACKGROUND

This matter arises out of a maritime allision on April 18, 2017 between the M/V WILDCAT and a fixed platform located in the Gulf of Mexico.[3] At the time of the allision, the M/V WILDCAT was chartered by Fieldwood Energy, LLC ("Fieldwood") and carried Fieldwood employees, including Claimants.[4] On May 31, 2017, Rodi Marine, as the owner and operator of the M/V WILDCAT, filed a complaint for exoneration from or limitation of liability, under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty and Maritime Claims.[5] Subsequently, Smith and Every filed claims against Rodi, alleging they suffered injuries as a result of Rodi's negligence

---

[1] R. Doc. 95.
[2] R. Docs. 115, 116.
[3] R. Doc. 1 at 2.
[4] R. Doc. 1 at 2.
[5] R. Doc. 1.

1

and the M/V WILDCAT's unseaworthiness.[6] Claimants seek general, compensatory, and punitive damages.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[10] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[11]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[12] "[W]here the well-pleaded facts do not permit the court to infer

---

[6] R. Doc. 4 (Answer and Claim of Antonio Smith); R. Doc. 12. (Answer and Claim of Lionel Every); R. Doc. 63 (First Supplemental and Amended Answer and Claim of Antonio Smith); R. Doc. 90 (Second Supplemental and Amended Answer and Claim of Antonio Smith); R. Doc. 94 at 5 (First Amended Answer and Claim of Lionel Every). Rodi Marine has resolved claims with Royce Mitchell and Brian Dibb. *See* R. Doc. 5 at 6. Rodi Marine has resolved the claim brought by Shawn Philbeck. *See* R. Doc. 61; R. Doc. 64.
[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[9] *Id.*
[10] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[11] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[12] *Twombly*, 550 U.S. at 555.

2

more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[13] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[14] The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as the standard for deciding a motion under Rule 12(b)(6).[15]

## LAW AND ANALYSIS

Rodi argues § 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA")[16] governs the claims of Claimants and that § 905(b) does not allow punitive damages.[17] Claimants argue they bring claims under general maritime law, not under the LHWCA, and that general maritime law allows for punitive damages.[18] Claimants also argue that, "should the Court determine the provisions of the LHWCA apply," the LHWCA allows recovery of punitive damages in cases involving gross negligence.[19]

Section 905(b) of the LHWCA provides the exclusive remedy for longshoremen or covered offshore workers injured by the negligence of a vessel.[20] Claimants concede they are covered workers under the LHWCA.[21] Claimants seek to recover from Rodi, the owner and operator of the M/V WILDCAT, based on negligence. As a result, Claimants' claims are governed by § 905(b) of the LHWCA. Accordingly, the issue before the Court is

---

[13] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[14] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[15] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). *See also Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).
[16] 33 U.S.C. § 901 et seq.
[17] R. Doc. 95-1 at 2.
[18] R. Doc. 115 at 4; R. Doc. 116 at 4.
[19] R. Doc. 115 at 4-5; R. Doc. 116 at 4-5.
[20] 33 U.S.C. § 905(b).
[21] R. Doc. 115 at 8; R. Doc. 116 at 8. Claimants received workers compensation disability and medical benefits pursuant to the LHWCA from Intervenor Zurich American Insurance Company. R. Doc. 28 (Zurich's Motion for Leave to File Complaint in Intervention).

whether punitive damages are recoverable under the LHWCA.

The U.S. Supreme Court has held "[t]he general rule that punitive damages were available at common law extended to claims arising under federal maritime law."[22] A plaintiff "is entitled to pursue punitive damages unless Congress has enacted legislation departing from this common-law understanding."[23] The Supreme Court has held that in enacting the Jones Act and the Death on the High Seas Act, Congress limited the ability of a *Jones Act seaman* to recover punitive damages.[24] Rodi relies on this reasoning to support its argument that Claimants may not recover punitive damages, but Rodi cites only cases from the Supreme Court and the Fifth Circuit limiting a *Jones Act seaman's* ability to recover punitive damages.[25] The cases cited by Rodi are inapposite to the instant action; it is undisputed that Claimants are not Jones Act seamen.[26]

The Fifth Circuit has not determined whether punitive damages are awardable in an action brought by a longshoreman or covered offshore worker under the LHWCA. In *Casceli v. Martech International, Inc.*, the Fifth Circuit expressly reserved the question of "whether, as a matter of law, punitive damages are awardable in an action brought

---

[22] *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 411 (2009).
[23] *Townsend*, 557 U.S. at 415.
[24] *See Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990) (survivors of Jones Act seaman may not recover punitive damages in wrongful death action against seaman's employer under Jones Act or general maritime law); *but see Atlantic Sounding v. Townsend*, 557 U.S. 404 (2009) (Jones Act seaman may recover punitive damages for employer's failure to pay maintenance and cure).
[25] *See Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990) (survivors of Jones Act seaman may not recover punitive damages in wrongful death action against seaman's employer under Jones Act or general maritime law); *Atlantic Sounding v. Townsend*, 557 U.S. 404 (2009) (Jones Act seaman may recover punitive damages for employer's failure to pay maintenance and cure); *McBride v. Estis Well Serv., LLC*, 786 F.3d 382 (5th Cir. 2014) (Jones Act seaman may not recover punitive damages from seaman's employer for personal injury or death under either Jones Act or general maritime law); *see also Howard v. Offshore Liftboats, LLC*, 2015 WL 7428581 (E.D. La. Nov. 20, 2015) (holding Jones Act seaman could not recover punitive damages from non-employer third party for negligence and unseaworthiness).
[26] The parties agree neither Antonio Smith nor Lionel Every is a Jones Act seaman. R. Doc. 115 at 5; R. Doc. 116 at 5.

under § 905(b).[27] However, the Fifth Circuit has permitted recovery of non-pecuniary damages in actions brought under the LHWCA and has noted "that the LHWCA does not explicitly limit damages recoverable to 'pecuniary damages,' as do the DOHSA [Death on the High Seas Act] and the Jones Act."[28]

Other district courts within the Fifth Circuit have found punitive damages are recoverable in actions brought under the LHWCA. For example, in *Callahan v. Gulf Logistics, LLC*, a court in the Western District of Louisiana denied a motion to dismiss a plaintiff's claim for punitive damages under § 905(b).[29] Similarly, in *Rutherford v. Mallard Bay Drilling, LLC*, another section of the Eastern District of Louisiana held "the LHWCA does not prevent an injured longshoreman from recovering punitive damages."[30] A federal district court in the Western District of Washington has likewise found that punitive damages may be recovered under § 905(b), reasoning that Congress did not abrogate the availability of punitive damages in enacting the LHWCA.[31] The Court finds these cases persuasive and agrees punitive damages may be awarded under the LHWCA.[32]

To recover punitive damages, Claimants must demonstrate the defendant engaged in "behavior that is more than merely negligent; rather, [the court] looks for 'gross negligence.' . . . 'reckless or callous disregard for the rights of others' . . . or 'actual malice or criminal indifference.'"[33] In their Answers and Claims, Claimants assert their injuries

---

[27] 774 F.2d 1322, 1331 (5th Cir. 1985).
[28] *Randall v. Chevron U.S.A., Inc.*, 13 F.3d 888, 901–03 (5th Cir. 1994).
[29] No. 06-561, 2013 WL 5236888 (W.D. La. 2013) (Minaldi, J.).
[30] No. 99-3689, 2000 WL 805230 (E.D. La. June 21, 2000) (Vance, J.)
[31] *Summers v. Salmon Bay Barge Line, Inc.*, 2013 WL 5912917, at **11-12 (W.D. Wash. Nov. 4, 2013).
[32] *See also* 1 SCHOENBAUM, ADMIRALTY & MARITIME LAW § 7:14 (6th ed. 2018).
[33] *Hancock v. Higman Barge Lines, Inc.*, No. 16-14998, 2017 WL 3582433, at *4 (E.D. La. Aug. 18, 2017) (quoting *Maritrans Operating Partners v. Diana T*, No. 97-1916, 1999 WL 144458, at *7 (E.D. La. Mar. 15, 1999).

were the result of the negligence and gross negligence of the M/V WILDCAT but do not provide factual allegations to support their claim for punitive damages.[34] Claimants' memoranda in opposition to the instant motion contain factual allegations not included in their original Answers and Claims, such as (1) the captain of the M/V WILDCAT left the wheelhouse and turned over steerage and control of the vessel to an unlicensed deckhand, (2) the deckhand fell asleep, and (3) the deckhand failed to make critical course corrections, allowing the vessel to crash into the platform while travelling twenty knots.[35] The Court construes these additional factual allegations in Claimants' opposition memoranda as requests for leave to file an amended claim.[36]

Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[37] A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[38] Claimants' claims for punitive damages will not be dismissed, provided Claimants amend their Claims to include factual allegations related in support of their claims for punitive damages.

## CONCLUSION

**IT IS ORDERED** that Antonio Smith and Lionel Every are given leave to file

---

[34] R. Doc. 63 at 1 (Antonio Smith); R. Doc. 94 at 5 (Lionel Every).
[35] R. Doc. 115 at 1; R. Doc. 116 at 1.
[36] *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15.") (citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)).
[37] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).
[38] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp.*, LP, 427 F.3d 987, 994 (5th Cir. 2005).

amended Answers and Claims to include factual allegations to support their claims for punitive damages by no later than **March 4, 2019.**

**IT IS FURTHER ORDERED** that provided Claimants file on or before **March 4, 2019** amended Answers and Claims in accordance with this order, the motion to dismiss will be denied without prejudice.

**New Orleans, Louisiana, this 22nd day of February, 2019.**

*[Signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**