UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | CIVIL ACTION NO. 2:17-CV-5394 |
| COMPLAINT OF RODI MARINE, LLC, | § | |
| AS OWNER AND OPERATOR OF THE | § | JUDGE GUIDRY |
| M/V WILDCAT, PETITIONING FOR | § | |
| EXONERATION FROM OR | § | MAGISTRATE JUDGE NORTH |
| LIMITATION OF LIABILITY | § | |

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
OF FIELDWOOD ENERGY LLC TO FIRST SUPERSEDING
AND AMENDED THIRD PARTY COMPLAINT**

NOW COMES, defendant/claimant/third party defendant/counterclaimant, Fieldwood Energy LLC ("Fieldwood"), and files herewith its First Amended Answer to the First Superseding and Amended Third-Party Complaint (Doc. 81, hereafter "Amended Third Party Complaint") of Rodi Marine, LLC (hereafter "Rodi"), Rodi Marine Management, LLC ("Rodi Management") and GJR Marine, LLC ("GJR"). By filing this First Amended Answer, Fieldwood does not intend to dismiss or waive but instead maintains in full force and effect its previously filed Counterclaim (Doc. 84) against Rodi, which Counterclaim is not altered, amended nor modified by this First Amended Answer.

**FIRST AFFIRMATIVE DEFENSE**

The Amended Third Party Complaint should be dismissed pursuant to Fed. R. Civ. P. 17(a)(3), for failure to join the real party in interest, as well as pursuant to Fed. R. Civ. P. 19(a)(1), for failure to join a required party as third party plaintiff, namely Navigators Insurance Company, as insurer of a Marine General Liability policy for the Rodi entities and Certain Underwriters at Lloyd's London and Navigators Insurance Company, as subscribers to an Excess Policy issued to the Rodi entities, which insurers will reimburse GJR, Rodi Management and Rodi for their costs of defense concerning Antonio Smith's claims in excess of the applicable

deductible, as well as fund any settlement or judgment against the Rodi entities with respect to the claims asserted by Antonio Smith.

## SECOND AFFIRMATIVE DEFENSE

As more fully discussed *infra*, GJR has released any potential claim for contractual defense and indemnity against Fieldwood, the existence of which is expressly denied, through the contractual indemnity and defense obligations set forth in GJR's Brokerage Agreement with Kilgore Marine Services, LLC, dated March 6, 2014, as a matter of law. See *Knox v. Bisso Marine, LLC*, 2017 WL 2098876 (E.D. La. 2017), *aff'd*, 716 Fed. Appx. 370 (5th Cir. 2018).

## THIRD AFFIRMATIVE DEFENSE

Rodi, which is neither the owner of the M/V WILDCAT, her operator nor subcontractor of GJR, Rodi Management nor the M/V WILDCAT, has no right of action against Fieldwood, as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

The Amended Third Party Complaint fails to state a claim or cause of action against Fieldwood upon which relief may be granted.

## ANSWER

AND NOW, for answer to the numbered paragraphs of the Amended Third Party Complaint, Fieldwood alleges and avers, as follows:

1.

The allegations of Paragraph 1 of the Amended Third Party Complaint pertain to this Court's subject matter jurisdiction, to which no answer is required; however, to the extent this Court requires an answer thereto, Fieldwood admits that the Amended Third Party Complaint is based on at least two maritime contracts and that the underlying dispute, a vessel allision with a

stationary, marked platform, comprises a maritime tort which are within the Court's admiralty and maritime subject matter jurisdiction. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 1 of the Amended Third Party Complaint.

2.

The allegations of Paragraph 2 of the Amended Third Party Complaint pertain to this Court's venue, to which no answer is required; however, to the extent this Court requires an answer thereto, Fieldwood denies the truth of the allegations of Paragraph 2 of the Amended Third Party Complaint for lack of information or knowledge sufficient to justify a belief as to the truth thereof.

3.

Fieldwood denies the truth of the allegations of Paragraph 3 of the Amended Third Party Complaint.

4.

Fieldwood admits that effective January 1, 2014, it entered into a Master Time Charter Agreement, with Kilgore Marine Services, LLC, which charter party, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 4 of the Amended Third Party Complaint.

5.

Fieldwood admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 5 of the Amended Third Party Complaint.

6.

Fieldwood admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 6 of the Amended Third Party Complaint.

7.

Fieldwood admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 7 of the Amended Third Party Complaint.

8.

Fieldwood admits that on or about April 18, 2017, the M/V WILDCAT was working for Fieldwood pursuant to the Master Time Charter Agreement and the March 10, 2015, Brokerage Agreement between GJR, designated as "Operator", and Kilgore Marine Services, LLC, designated as "Broker", and that the M/V WILDCAT allided with a platform in the Gulf of Mexico. Except as expressly admitted, Fieldwood denies the truth of the allegations of Paragraph 8 of the Amended Third Party Complaint.

9.

Fieldwood admits that on or about April 18, 2017, the M/V WILDCAT was working for Fieldwood pursuant to the Master Time Charter Agreement and the March 10, 2015, Brokerage Agreement between GJR, designated as "Operator", and Kilgore Marine Services, LLC, designated as "Broker". Except as expressly admitted, Fieldwood denies the truth of the allegations of Paragraph 9 of the Amended Third Party Complaint.

10.

Fieldwood admits that at the time of the allision, the M/V WILDCAT was carrying the following Fieldwood employees as passengers: Brian Dibb, Lionel Every, Royce Mitchell, Shawn Philbeck, and Antonio Smith. Fieldwood further admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 10 of the Amended Third Party Complaint.

11.

Fieldwood admits that as of this date, Lionel Every, Shawn Philbeck and Antonio Smith have filed their separate claims in this Limitation Proceeding. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 11 of the Amended Third Party Complaint.

12.

Fieldwood admits that the claim of Shawn Philbeck in this Limitation Proceeding as well as the potential claims of Bryan Dibb and Royce Mitchell have been settled. Fieldwood further admits that the separate settlement agreements executed by Messrs. Dibb, Mitchell and Philbeck, being written contracts, are the best evidence of their terms, conditions and provisions, including the parties released. Fieldwood denies that Rodi Marine, LLC was the owner or the operator of the M/V WILDCAT at any time. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 12 of the Amended Third Party Complaint.

13.

Fieldwood denies that Rodi was the owner or operator of the M/V WILDCAT. Except as expressly denied, Fieldwood denies the truth of the remaining allegations of Paragraph 13 of the

EXHIBIT A

Amended Third Party Complaint for lack of information or knowledge sufficient to justify a believe as to the truth thereof.

14.

Fieldwood admits that its Master Time Charter Agreement with Kilgore Marine Services, LLC, being a written contract, is the best evidence of its terms, conditions and provisions. Fieldwood admits that on April 18, 2017, GJR was the owner of the M/V WILDCAT. Fieldwood denies that on April 18, 2017, Rodi was the owner or the operator of the M/V WILDCAT. Fieldwood denies that on April 18, 2017, Rodi Management was the owner or the operator of the M/V WILDCAT. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 14 of the Amended Third Party Complaint.

15.

Fieldwood denies the truth of the allegations of Paragraph 15 of the Amended Third Party Complaint.

16.

Fieldwood denies the truth of the allegations of Paragraph 16 of the Amended Third Party Complaint.

17.

Fieldwood admits that it has denied the written demand for contractual defense and indemnity for certain claims referenced in that written demand. Except as expressly admitted, Fieldwood denies the truth of the remaining allegations of Paragraph 17 of the Amended Third Party Complaint.

EXHIBIT A

18.

Fieldwood denies the truth of the allegations of Paragraph 18 of the Amended Third Party Complaint.

19.

To the extent the allegations of any unnumbered or prefatory paragraphs require a response on the part of Fieldwood, Fieldwood denies the truth of those allegations.

20.

To the extent Rodi's prayer for relief requires a response on behalf of Fieldwood, Fieldwood denies the truth of the allegations set forth in the prayer for relief.

## FIFTH AFFIRMATIVE DEFENSE

Fieldwood has previously filed with the Court its Verified Answer and Affirmative Defenses of Fieldwood Energy LLC to the First Superseding and Amended Complaint for Exoneration or Limitation of Liability (Doc. No. 82) and its Second Verified Claim of Fieldwood Energy LLC (Doc. No. 83), the allegations and averments of which are repeated as an affirmative defense, as if copied herein *in extenso*.

## SIXTH AFFIRMATIVE DEFENSE

The negligence, gross negligence, statutory and regulatory violations or fault of Rodi Management, its employees and shore-based management, the negligence, gross negligence, statutory and regulatory violations or fault of GJR, its employees and shore-based management, as well as the unseaworthiness of the WILDCAT and her crew were the sole legal and proximate causes of the April 18, 2017, allision (hereafter "the Allision") between the WILDCAT and the fixed platform "S," a/k/a "Sugar," located in Block 23, South Timbalier Area, (hereafter "S.T. 23-S").

## SEVENTH AFFIRMATIVE DEFENSE

The negligence, gross negligence, statutory and regulatory violations or fault of Rodi Management, its employees and shore-based management, as well as the unseaworthiness of the WILDCAT and her crew were within the privity and knowledge of Rodi Management.

## EIGHTH AFFIRMATIVE DEFENSE

The negligence, gross negligence, statutory and regulatory violations or fault of GJR, its employees and shore-based management, as well as the unseaworthiness of the WILDCAT and her crew were within the privity and knowledge of GJR.

## NINTH AFFIRMATIVE DEFENSE

Fieldwood was neither the owner, operator, nor demise/bareboat charterer of the M/V WILDCAT and, therefore, has no liability with respect to the operations of such vessel.

## TENTH AFFIRMATIVE DEFENSE

Rodi was neither the owner nor operator of the M/V WILDCAT nor a subcontractor of the M/V WILDCAT, her owner nor her operator, and therefore Rodi is not a member of the "Owner Group" as defined in the Master Time Charter Agreement. Accordingly, Rodi can have no recovery against Fieldwood for contractual defense and indemnity or against Fieldwood's insurers for insurance coverage and defense, as a matter of law.

## ELEVENTH AFFIRMATIVE DEFENSE

Alternatively, in addition to the foregoing allegations of negligence, fault, and statutory and regulatory violations of Rodi as well as the unseaworthiness of the M/V WILDCAT and her crew, the Allision was caused by the gross negligence of the master and/or crew members or GJR, as owner of the M/V WILDCAT, which bars any alleged recovery by third party

defendants (singly and collectively) against Fieldwood for contractual defense and indemnity under the Master Time Charter Agreement.

## TWELFTH AFFIRMATIVE DEFENSE

Alternatively, in addition to the foregoing allegations of negligence, fault, and statutory and regulatory violations of Rodi as well as the unseaworthiness of the M/V WILDCAT and her crew, the Allision was caused by the gross negligence of the master and/or crew members or GJR, as owner of the M/V WILDCAT, which bars any alleged recovery by third party defendants against Fieldwood's insurers for insurance coverage and defense under the Master Time Charter Agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

As more fully set forth in the GJR Brokerage Agreement, or, in the alternative, the Rodi Brokerage Agreement, and the respective Exhibits A to each Brokerage Agreement, Fieldwood was to be named as a named additional assured on all insurance policies of GJR and/or Rodi, expressly including any and all contractual liability coverage that is in place, with such policies to be endorsed to be primary coverage over all other insurance available to Fieldwood. To the extent this Court concludes that Fieldwood is obligated in whole or in part to defend and indemnify Rodi, Rodi Management and/or GJR for any claim arising out of the Allision, which is expressly denied, then in accordance with the precedent of *Tullier v. Halliburton Geophysical Services, Inc.*, 81 F.3d 552 (5th Cir. 2009), *Klepac v. Champlin Petroleum Co.*, 842 F.2d 746 (5th Cir. 1988), and *Ogea v. Loffland Bros. Co.*, 622 F.2d 186 (5th Cir. 1980), GJR's insurers, or, in the alternative, Rodi's insurers, are required to exhaust the coverage available under all applicable policies before any obligation to defend and indemnify on the part of Fieldwood is triggered, which is expressly denied.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Alternatively, to the extent this Court concludes Fieldwood owes contractual defense and indemnity to GJR and/or Rodi Management from the claims asserted against GJR, Rodi Management and/or Rodi pursuant to the Time Charter, which is expressly denied, and further the Court concludes GJR also owes contractual defense and indemnity to Fieldwood from the claims asserted by GJR, Rodi Management and Rodi pursuant to the GJR Brokerage Agreement, then the indemnity provisions of both contracts are voided by the doctrine of confusion or similar doctrine under the general maritime law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Alternatively, to the extent this Court concludes GJR, Rodi Management, and/or Rodi are entitled to recover contractual defense or indemnity from Fieldwood, which is expressly denied, or, in the alternative, insurance coverage and defense from Fieldwood's Underwriters, which is expressly denied, the maximum amount of recovery by GJR, Rodi Management, and/or Rodi is limited to the policy deductible, if any, paid or incurred by GJR, Rodi Management, and/or Rodi under the primary protection and indemnity policy issued by Munich Re Syndicate.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Alternatively, to the extent GJR, Rodi Management, and/or Rodi have asserted claims to recover attorneys' fees and costs incurred in the prosecution of their original Third Party Complaint or the Amended Third Party Complaint against Fieldwood or in their prior written demands for contractual defense and indemnity as well as insurance coverage and defense from Fieldwood's Underwriters, such claims are prohibited by the general maritime law, as a matter of law.

WHEREFORE, defendant/claimant/third party defendant/counterclaimant, Fieldwood Energy LLC, prays that this First Amended Answer be deemed good and sufficient and that after all due delays and all proceedings had, there be judgment entered in favor of Fieldwood casting third party plaintiffs, Rodi Marine, LLC, Rodi Marine Management, LLC and GJR Marine, LLC, solely at fault as concerns the April 18, 2017, allision and Fieldwood's resulting damages, including attorney's fees, prejudgment interest, post judgment interest and all costs of this proceeding and dismissing the First Superseding and Amended Third Party Complaint of third party plaintiffs, with prejudice;

FURTHERMORE, Fieldwood requests that there be judgment entered in favor of Fieldwood declaring third party plaintiff, Rodi Marine, LLC, was not a member of the "Owner Group" as defined in the Master Time Charter Agreement and furthermore that the April 18, 2017, allision was caused by the gross negligence of the master and crew members of the M/V WILDCAT, therefore requiring the dismissal of the claims of Rodi, Rodi Management and GJR for contractual defense and indemnity against Fieldwood as well as the dismissal of the claims of Rodi, Rodi Management and GJR for insurance coverage and defense against Fieldwood's insurers;

FURTHERMORE, Fieldwood requests that its previously filed Counterclaim against Rodi Marine, LLC be maintained and remain in full force and effect, and that after due delays and proceedings had, that in the event this Court concludes the M/V WILDCAT was brokered to Kilgore Marine Services, LLC by Rodi Marine, LLC, and not GJR Marine, LLC, which is expressly denied, that Fieldwood prays that there be judgment entered in its favor and against Rodi, for all damages that Fieldwood is entitled to in the premises, including contractual indemnity as appropriate, attorney's fees, court costs, fees of expert witnesses and other expenses

EXHIBIT A

incurred by Fieldwood in the defense of the original Third Party Complaint and the Amended Third Party Complaint as well as in the pursuit of its indemnity rights against Rodi and GJR Marine, LLC as well as its insurance rights against the various insurers of Rodi and GJR, prejudgment interest, post judgment interest and all costs of this proceeding;

FURTHERMORE, Fieldwood prays that in the event this Court concludes the M/V WILDCAT was brokered to Kilgore Marine Services, LLC by Rodi Marine, LLC, and not GJR Marine, LLC, which is expressly denied, that in the additional event the various insurers of Rodi and GJR do not provide unqualified insurance coverage and defense to Fieldwood from the claims asserted against it in the original Third Party Complaint of Rodi Marine, LLC as well as the First Superseding and Amended Third Party Complaint of Rodi Marine, LLC, Rodi Marine Management, LLC and GJR Marine, LLC, that Rodi Marine, LLC step into the shoes of its insurers and provide Fieldwood with the insurance coverage and defense from the foregoing claims to which it is entitled by the Rodi Brokerage Agreement and Exhibit A to that agreement, including reimbursement of all attorney's fees, court costs, fees of expert witnesses and other expenses incurred by Fieldwood in the defense of the original Third Party Complaint and the Amended Third Party Complaint as well as in the pursuit of its indemnity rights against Rodi and GJR Marine, LLC, prejudgment interest, post judgment interest and all costs of this proceeding;

EXHIBIT A

FURTHERMORE, Fieldwood requests all additional and further general and equitable relief to which it is entitled and this Honorable Court is empowered to grant.

New Orleans, Louisiana, this 8th day of November 2019.

          Respectfully submitted,

          /s/ James D. Bercaw
JAMES D. BERCAW, #20492
KING & JURGENS, L.L.C.
201 St. Charles Avenue, 45TH Floor
New Orleans, Louisiana   70170
Telephone: (504) 582-1272
Facsimile:  (504) 582-1233
jbercaw@kingjurgens.com

Attorneys for Defendant/Claimant/Third Party Defendant/Counterclaimant, Fieldwood Energy LLC